**Gordon EVANSON et al., Appellants,**

**v.**

**NORTHWEST HOLDING COMPANY, a Minnesota Corporation, Appellee.**

**No. 18319.**

United States Court of Appeals
Eighth Circuit.

Nov. 15, 1966.

Rehearing Denied Nov. 29, 1966.

Paul Dan Rosso, pro se.

Joe Walters, Minneapolis, Minn., for appellee. No oral arguement was made or brief was filed on behalf of appellee.

Before VOGEL, Chief Judge, MATTHES, Circuit Judge, and DUNCAN, Senior District Judge.

PER CURIAM.

This "protracted and unhappy litigation" began in 1961 as an unlawful detainer action in Municipal Court in the City of Minneapolis, Minnesota. At all times and in all courts the appellants have spurned the suggestions that they employ counsel and have insisted on appearing on a *pro se* basis. For details regarding the litigation in the Minnesota courts, see Northwest Holding Company v. Evanson, 1963, 265 Minn. 562, 122 N.W.2d 596. In dismissing that appeal, the Supreme Court of Minnesota, after patiently reciting facts from the record, stated at page 602 of 122 N.W.2d:

"This has been unusual and unfortunate litigation. The appellants have brought on themselves great hardship, severe economic loss, and needless anguish for which they now appear to have no remedy. They have stubbornly refused to acknowledge any fault in their own conduct despite two manifestly proper judgments against appellant Paul Rosso arising out of an assault and a breach of contract. In both proceedings he was represented by counsel who apparently could do little more than mitigate the damages he invited by his own wrongdoing. Appellants have refused to face reality or heed persistent admonitions to retain counsel. From the record it appears entirely likely that these premises were indeed the appellants' homestead and as such should have been exempt from execution had they acted diligently to assert their rights. Although in good conscience it might have been proper for these creditors to satisfy their judgments out of the Central Avenue property, overriding public policy would have prevented it. However, at most, they were entitled to only $8,100. Nevertheless, by levying execution and securing a decree of registration, William Holmes has obtained real estate worth approximately $35,000 to satisfy claims amounting to less than one-fourth of that amount. Holmes' acquisition has been euphemistically described as a 'windfall.' It

is difficult to draw the exact line between what is the legitimate assertion of a client's rights and what amounts to an unfair overreaching of his adversary. Wherever that line may be, the gross injustice which has resulted from exploiting the improvidence of these appellants has brought little credit to the legal profession."

Subsequent to the adverse determinations by the Supreme Court of Minnesota this action was commenced by the losing parties in the United States District Court for the District of Minnesota, to "Review the Judgment of the Minnesota Supreme Court entered 21 June 1963; and Review the ORDER denying the Motions for Enlargement of Time with Affidavit for PETITION FOR REHEARING, and the PETITION FOR REHEARING denied 22 November 1963, entered in the above entitled action". Holding that "Obviously, this Court has no jurisdiction to entertain petitioners' petition to review this decision of the Supreme Court of the State of Minnesota or any of the subsequent orders therein", Judge Nordbye granted respondent's motion to dismiss, such order being dated January 15, 1964.

On April 16, 1964, Judge Nordbye entered the following order:

"Plaintiffs have filed motions for a writ of error coram nobis and/or for a bill of review apparently directed to the orders of this Court dated January 15, 1964, and March 16, 1964. The motions came on for hearing on April 13, 1964, and were submitted by plaintiffs on the record filed in support thereof.

"There is no merit or substance to the motions. They are frivolous, and they will be, and each of them is, dismissed. It is so ordered."

On June 11, 1964, Judge Nordbye entered an order denying a motion for a rehearing of plaintiffs' motion for writs of error coram nobis and/or for bill of review. The record in the District Court discloses literally hundreds of pages of motions of various and sundry kinds, all aimed at trying to obtain the relief ultimately denied by the Supreme Court of Minnesota in 122 N.W.2d 596, supra.

Finally, on December 20, 1965, Judge Nordbye entered the following order:

"This proceeding has been pending for almost two years in this Court, and notwithstanding that the Court has heretofore dismissed the action for lack of jurisdiction and ruled adversely to the plaintiffs on motions for rehearing and default judgment, and in some five or more motions seeking relief by way of so-called writs of coram nobis and/or bills of review, plaintiffs persist in filing frivolous motions. Clearly, the time for a final cessation of the filing herein of further documents by the plaintiffs is long past due.

"The Clerk of this Court, therefore, is directed and ordered not to accept for filing from plaintiffs, or from anyone in their behalf, further motions, pleadings, or any other documents of whatever description in the above proceeding. All motions heretofore filed and as to which no orders have been made by this Court are denied with prejudice.

"This order does not assume to prevent plaintiffs from proceeding by way of appeal to the Eighth Circuit Court of Appeals from any order of this Court if any right to appeal remains under the law."

Thereafter appeal was taken to this court. The action of the District Court in dismissing the case for want of jurisdiction is so obviously correct that without further comment such action is affirmed.