An order will be entered in accordance with this opinion.

**COUNTRY CLUB TOWER CORPORA-TION, a Montana corporation,**
**Plaintiff,**
**v.**
**TOWER MANAGEMENT CORPORA-TION, a Montana corporation,**
**et al., Defendants.**
**No. 2720.**

United States District Court
D. Montana,
Great Falls Division.
Nov. 13, 1967.

Burris & Lagerlof, Los Angeles, Cal., for plaintiff.

E. F. Gianotti, Great Falls, Mont., Church, Harris, Johnson & Williams, Charles C. Lovell, Great Falls, Mont., for defendants, Tower Management Corp. and Mack Hamilton, as receiver of Tower Management Corp.

Swanberg, Koby & Strope, Great Falls, Mont., for defendants, Carl E. Thisted and others.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Plaintiff, claiming that there is a federal question involved and that the amount in controversy exceeds the sum of $10,000.00, seeks damages and the appointment of a receiver.

From the complaint it appears that the plaintiff, a Montana corporation (herein called Country Club), constructed a twenty-unit apartment house. It then transferred to Tower Management Corporation, a Montana corporation, (herein called Management) "all of said building, reserving to itself the air space constituting the twenty apartments contained in the building." It was planned that as Country Club sold the apartments it would sell with each apartment one share of stock in Management, and that Management, which would be controlled by the apartment owners, would manage the building and on a non-profit basis assess the costs to the apartment owner-shareholders. Country Club has sold eighteen apartments with the accompanying shares of stock, and now owns two apartments and two shares of stock. The defendants, with the exception of the State Court, the Receiver and Management, are owners of apartments and Management stock. In 1963 a dispute arose between two groups of Management stockholders resulting in a state court action in which individual defendants here were plaintiffs. The defend-

ants in that action were two directors of Management and Management itself. The purpose of the action was to declare void the election of a director and to enjoin Management from incurring some indebtedness. As a result of the litigation and upon an order of the Supreme Court of Montana a receiver for Management was appointed.

Country Club complains that

1. It was not a party to the State Court action, and had no notice of of any hearing for the appointment of a receiver for Management, although it was a stockholder in Management, and that therefore the order appointing the receiver is void.

2. The organized stockholders have conspired to refuse to attend stockholders' meetings, and thus prevent any corporate action for lack of a quorum.

3. Management has failed to properly maintain the building in breach of its agreement.

4. The Receiver and the State District Court have erroneously taken the position that the management functions of the corporation are vested in the receiver and that the by-laws of the corporation are suspended insofar as meetings of stockholders and like matters are concerned.

5. The State District Court has been arbitrary in many of the rulings made in the course of the receivership, and in some instances has acted without notice to Country Club.

Country Club equates all of this with a denial of due process and seeks to have this court appoint a receiver who will displace the receiver appointed by the State Court. Plaintiff also seeks judg-

ment for $500,000.00 against Management for failing to manage, and for another $500,000.00 from the organized defendants for their concerted failures to do what they should have done in managing.

The disposition of the money claims does not require the application of a federal law. The request for a receivership is not ancillary to any civil action of which this federal court has jurisdiction. The disputes are all disputes involving local law and Montana citizens. It is plaintiff's position that the state courts in Montana "have not and will not, grant this plaintiff an opportunity to be heard or to have meaningful participation in the resolution of this complex controversy"; that there is a denial of due process under the Fourteenth Amendment and that consequently a federal question exists.

A federal question for the purposes of 28 U.S.C. § 1331 arises only when the application of the constitution or a federal statute is necessary to a resolution of the dispute which is the subject matter of the civil action. A federal question for the purpose of 28 U.S.C. § 1331 does not arise because of claims that in the application of state law a state court which does have jurisdiction of the parties and of the subject matter acts without notice or unfairly.[1] No doubt if a state court in the application of local law deprives a person of some right without a hearing, the action of the state court may be set aside because it is wanting in due process. In such a case the wrong is righted by the Supreme Court of the United States sitting in its appellate capacity.[2]

A United States District Court is a court of original jurisdiction and does not have appellate jurisdiction to correct errors made by state courts.[3] An

1. Supreme Council of Royal Arcanum v. Hobart, 244 F. 385. (1st Cir. 1917)

2. 28 U.S.C. § 1257; Armstrong v. Manzo et ux., 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Brinkerhoff-Faris Trust & Savings Co. v. Hill, 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107 (1930).

3. Stafford v. Superior Court of California, etc., 272 F.2d 407 (9th Cir. 1959); See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

allegation that a state court has acted, and will act to deprive a party of due process does not authorize a federal district court to remove a case or some proceeding ancillary to it from the state to the federal court.

The motions to dismiss are granted on the ground that this court has no jurisdiction, and it is ordered that plaintiff be denied all relief.