Ni PILKINTON, Appellant,

v.

Catherine I. PILKINTON, Appellee.

No. 18808.

United States Court of Appeals
Eighth Circuit.

Feb. 9, 1968.

Rehearing Denied Feb. 19, 1968.

No appearance for appellee.

Ni Pilkinton, pro se.

Before VAN OOSTERHOUT and MATTHES, Circuit Judges and HARRIS, Chief District Judge.

MATTHES, Circuit Judge.

This case, filed in the United States District Court for the Western District of Missouri on July 5, 1966, stems from the matrimonial difficulties between Ni Pilkinton and his wife, Catherine I. Pilkinton. Their marriage was dissolved by a judgment of the Circuit Court of Howell County, Missouri awarding Mrs. Pilkinton a divorce, custody of a minor child and $25.00 per month for the support of the child. The judgment was affirmed by the Springfield Court of Appeals in an opinion authored by the Honorable Henry J. Westhues, retired Supreme Court Judge, sitting as Special Commissioner. Pilkinton v. Pilkinton, Mo.App., 401 S.W.2d 505 (1966).

The district court, Honorable William R. Collinson, sua sponte dismissed the action with prejudice for lack of jurisdiction. This appeal followed.

Appellant appeared pro se in the district court and in this Court. Mrs. Pilkinton, although duly summoned, made no appearance in the district court and filed no response to appellant's brief in this Court.

Appellant alleged in his complaint, in vague and general language, that his constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution were denied in the state court proceedings. He averred that his fomer wife and the sheriff and prosecuting attorney of Howell County, Missouri entered into a conspiracy to steal his property while he was in jail; that the First National Bank of West Plains, Missouri and the Producers Creamery Company of Springfield, Missouri joined the conspiracy in order to deprive him of the means of making bail and defending two criminal charges and the divorce action.

Appellant prayed (1) that a new trial be held in the United States District Court, or (2) that the record on appeal to the Springfield Court of Appeals be ordered transferred and appellant be permitted to present additional evidence, or (3) that the judgment "of lower court" be reversed and judgment be entered for appellant on his cross-bill in the divorce action.

Judge Collinson, after full consideration of the complaint and other papers filed by appellant found "absolutely no grounds for federal jurisdiction."

■■ From an analysis of the complaint and the supporting documents we, too, are convinced that no basis exists for invoking the jurisdiction of the federal courts. 28 U.S.C. § 1332 is not applicable as both appellant and the defendant are citizens of the State of Missouri. The complaint utterly fails to allege a claim arising under the Constitution or laws of the United States, 28 U.S.C. § 1331; Gulley v. First National Bank, 299 U.S. 109, 112–113, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Stanturf v. Sipes, 335 F.2d 224 (8th Cir. 1964).

■ It is plainly evident that what appellant seeks in this original action is a review by the federal courts of the proceedings of the Missouri State Courts in the divorce action. Federal courts are without authority to function as an appellate arm of the state courts. See Rooker v. Fidelity Trust Company, 263 U.S. 413, 415–416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Evanson v. Northwest Holding Co., 368 F.2d 531 (8th Cir. 1966); Jenson v. Olson, 353 F.2d 825 (8th Cir. 1965); Hanna v. Home Ins. Co., 281 F.2d 298 (5th Cir. 1960).

The district court's disposition of the case was entirely proper. The judgment of dismissal is affirmed.