**Martin MALINOU, Public Administrator, for himself and in behalf of the people of the City of Providence, Plaintiffs,**

v.

**Gordon CAIRNS and all those similarly situated, and Rhode Island Hospital Trust Company, Administrator of the Estate of Ernest V. Beazley, Defendants.**

**Civ. A. No. 3897.**

United States District Court
D. Rhode Island.

Oct. 15, 1968.

Martin Malinou pro se.

Henry M. Swan, Providence, R. I., for defendants.

## OPINION

DAY, Chief Judge.

This action is now before me upon the respective motions of the defendants to dismiss said action upon the grounds that plaintiff's complaint fails to state a claim upon which relief may be granted, and that plaintiff lacks standing to maintain said action. In addition, the defendant Rhode Island Hospital Trust Company has moved to dismiss for want of jurisdiction and the defendant Cairns, upon the ground that no valid service of process has been made upon him.

In Count I of said complaint, which is entitled "Complaint for Injunction" the plaintiff alleges that he was the Public Administrator in and for the City of Providence, Rhode Island during the period from January 2, 1961 through January 7, 1963; that he is a citizen of the State of Rhode Island, that the defendant Gordon Cairns is a resident of Quebec, Canada, and that the defendant Rhode Island Hospital Trust Company, Administrator of the Estate of Ernest V. Beazley, is a Rhode Island corporation; that he brings this action on behalf of himself and the citizens of said Providence; that the value of the Beazley Estate administratorship, exclusive of interest and costs, exceeds the sum of Ten Thousand Dollars ($10,000), and that this ac-

tion arises "under the Due Process Clause of U. S. Const. Amend. XIV, Sec. 1."

Plaintiff further alleges that while he was Public Administrator said Ernest V. Beazley, a resident of said Providence, died intestate on February 1, 1961; that on April 25, 1961 the defendant Cairns, claiming to be a remote cousin of the decedent, filed a petition in the Probate Court of said City of Providence for the appointment of said Rhode Island Hospital Trust Company as administrator of said decedent's estate; that plaintiff entered a written appearance in said probate proceeding on May 16, 1961 and that on May 26, 1961, said Probate Court entered its decree appointing Rhode Island Hospital Trust Company as administrator of said estate; that plaintiff then claimed an appeal from said decree to the Superior Court of the State of Rhode Island; that thereafter, following a trial by a jury which found that Cairns was one of the next of kin of said decedent, said Superior Court entered its judgment affirming the decree of said Probate Court appointing said Rhode Island Hospital Trust Company as administrator and dismissing the plaintiff's appeal therefrom; that the plaintiff then claimed an appeal to the Supreme Court of the State of Rhode Island from said judgment of the Superior Court; that on July 12, 1967, said Supreme Court denied and dismissed said appeal on the ground that the plaintiff as Public Administrator had no standing before said Probate Court on May 16, 1961 because Cairns' petition for the appointment of Rhode Island Hospital Trust Company as administrator of said estate was then and there pending, Malinou v. Cairns, 1967, R.I., 231 A.2d 785; that thereafter he filed a petition for a writ of certiorari to review said judgment which was denied by the United States Supreme Court on December 18, 1967.

Plaintiff also alleges in Count I of his complaint that the Supreme Court of the State of Rhode Island by its judgment deprived him of his right of "property" to administer said Beazley Estate and deprived the "people of Providence of the free use of the Beazley Estate assets", in violation "of the U. S. Const. Amend. XIV, Sec. 1."

In Count II of his complaint plaintiff charges that the defendant Rhode Island Hospital Trust Company is acting as permanent administrator of said estate under color of said judgment of the Supreme Court of Rhode Island rendered on July 12, 1967, in violation of 42 U.S.C. § 1983, and is thereby depriving plaintiff of his property right to administer said estate without due process of law.

Plaintiff seeks the entry of a judgment (1) permanently enjoining and restraining the defendant Cairns and all others similarly situated from offering said judgment of the Supreme Court of Rhode Island as proof that he is one of said decedent's next of kin, (2) permanently enjoining and restraining the defendant Rhode Island Hospital Trust Company from distributing the assets of said Beazley Estate, (3) permanently enjoining and restraining the defendants from claiming that the issues presented to the Supreme Court of Rhode Island are res judicata, law of the case or matters of collateral estoppel, (4) declaring the jurisdiction of this Court to review the judgment of said Supreme Court, (5) reversing said judgment and remanding the case to said Court for a consideration and determination of the merits of the plaintiff's appeal from the judgment of said Superior Court, (6) directing the Clerk of this Court to transmit a certified copy of the judgment in this action to the Clerk of said Supreme Court, and (7) allowing the plaintiff his costs and expenses, including a reasonable attorney's fee in these proceedings out of the Beazley Estate.

It is clear from the allegations of said complaint that since there is no diversity of citizenship between the plaintiff and the defendant Rhode Island Hospital Trust Company, this Court has no jurisdiction over this controversy under the provisions of 28 U.S.C. § 1332. Plaintiff apparently seeks to invoke federal jurisdiction under the provisions of 28 U.S.C.

§ 1331(a) [1] and 28 U.S.C. § 1343(3) [2] by alleging that his action arises under the Constitution and the laws of the United States.

In fact, the plaintiff is claiming that said judgment of the Supreme Court of Rhode Island is erroneous and is seeking to have it reversed by this Court. This is obvious from the allegations of his complaint and from his prayers for relief.

The allegations of said complaint disclose that the plaintiff unsuccessfully sought a review and reversal of said judgment by a petition for a writ of certiorari to the United States Supreme Court. Neither 28 U.S.C. § 1331(a) nor 28 U.S.C. § 1343(3) can confer such appellate jurisdiction upon this Court. It is well settled that a United States District Court is a court of limited jurisdiction only and does not have appellate jurisdiction to review the decisions of state courts. Rooker v. Fidelity Trust Company, 1923, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; Pilkinton v. Pilkinton, 1968, 8 Cir., 389 F.2d 32; Evanson v. Northwest Holding Co., 1966, 8 Cir., 368 F.2d 531; Stafford v. Superior Court of California, 1959, 9 Cir., 272 F.2d 407; Drawdy Investment Co. v. Leonard, 1958, 5 Cir., 261 F.2d 226; Daniels v. Thomas, 1958, 10 Cir., 225 F.2d 795; Country Club Tower Corp. v. Tower Management Corp., 1967, D.C.Mont., 275 F.Supp. 468.

In Pilkinton v. Pilkinton, supra, the Court of Appeals held 389 F.2d at page 33:

"It is plainly evident that what appellant seeks in this original action is a review by the federal courts of the proceedings of the Missouri State Courts in the divorce action. Federal courts are without authority to function as an appellate arm of the state courts. See Rooker v. Fidelity Trust Company, 263 U.S. 413, 415–416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Evanson v. Northwest Holding Co., 368 F.2d 531 (8th Cir. 1966); Jenson v. Olson, 353 F.2d 825 (8th Cir. 1965); Hanna v. Home Ins. Co., 281 F.2d 298 (5th Cir. 1960)."

And similarly in Daniels v. Thomas, supra, the Court of Appeals stated 225 F.2d at page 797:

"It is a principle as old as our dual state and federal judicial systems that a federal court is without jurisdiction to interfere with a judgment in a state court action where the state court had jurisdiction of the subject matter and the parties thereto. It is only when the judgment of a state court is void either because that court lacked jurisdiction of the subject matter or of the parties to the action or because it entered a judgment it had no power to enter under the law that such judgment may be reviewed in a federal court."

The allegations of plaintiff's complaint show clearly that the Supreme Court of Rhode Island had jurisdiction over the subject matter of and the parties to the state court action and that it entered a judgment therein which it had power to enter.

In my opinion the plaintiff's claim that this Court has jurisdiction to hear and determine the merits of the instant action under the provisions of 28 U.S.C. § 1331(a) and 28 U.S.C. § 1343 (3) is wholly insubstantial and frivolous and could have been made only for jurisdictional purposes. Plaintiff's com-

---

1. "(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs and arises under the Constitution, laws, or treaties of the United States."

2. "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; \* \* \*."

plaint must be dismissed for lack of federal jurisdiction. Under the circumstances, there is no occasion for me to consider the other grounds of the defendants' motions to dismiss.

Judgment will be entered dismissing the plaintiff's complaint for lack of federal jurisdiction.