**Ida M. PICKING**

v.

**STATE FINANCE CORPORATION et al.**

**Civ. No. 70–920.**

United States District Court,
D. Maryland.

May 6, 1971.

Ida M. Picking, pro se.

Oscar W. Zenitz, Baltimore, Md., for defendant State Finance Corporation.

Francis B. Burch, Atty. Gen. of Maryland, and Alfred J. O'Ferrall, III, Richard G. McCauley and Wilbur E. Simmons, Jr., Asst. Attys. Gen. of Maryland, for defendants Chief Judge Hall Hammond, Judge J. Dudley Digges and Judge John Grason Turnbull.

FRANK A. KAUFMAN, District Judge.

## MEMORANDUM AND ORDER

In Shakespeare v. Wilson, 40 F.R.D. 500, 502 (S.D.Cal.1966), Judge Irving Hill wrote:

This action * * * is a typical example of the kind of action being filed with increasing frequency under the provisions of the Civil Rights Act of 1871, 42 U.S.C. §§ 1981–1986. Having been defeated in state court proceedings and being unhappy and somewhat humiliated and frustrated by the results of such proceedings, these persons lash out at judges, attorneys, witnesses, court functionaries, newspapers and anyone else in convenient range, terming all of them corruptly evil and charging them with perjury and conspiracy in a last desperate effort to re-litigate the issues on which they have once lost and hoping to secure sizeable damages to boot.

On August 1, 1968, plaintiff herein filed an action in the Circuit Court for Baltimore County seeking removal[1] of an automobile allegedly stored without plaintiff's consent on her property.[1a] On the basis of the pleadings, Judge John Grason Turnbull, sitting in that Court, entered summary judgment in favor of State Finance Corporation, one of three defendants in that action, and one of the defendants herein. That ruling was affirmed by the Court of Appeals of Maryland in Picking v. State Finance Co., 257 Md. 554, 263 A.2d 572 (1970), in which Judge Digges held that Judge Turnbull's ruling in favor of State Finance left unadjudicated the claims against the other two defendants and that therefore the case was not ripe for appeal to the Court of Appeals of Maryland under the applicable Maryland Rule of Procedure. However, Judge Digges also stated (at 558, 263 A.2d at 574):

It may be appropriate, however, to state that we have reviewed the record and concluded that Judge Turnbull was correct in granting the motion for summary judgment in favor of State Finance. * * *

Subsequently, plaintiff instituted this action, pursuant to 28 U.S.C. § 1343[2] and 42 U.S.C. §§ 1983, 1985, naming originally as defendants State Finance Corporation and Judges Digges, Turnbull and Hall Hammond (Chief Judge and one of the five members of the panel of the Maryland Court of Appeals which heard and dismissed the appeal in Picking, supra). In her complaint herein, plaintiff seeks "to have her Maryland property freed from unlawful trespass; to redress by money damages, deprivation of her civil rights * * *; and, to have a Declaratory Judgment declar-

---

1. In that case, plaintiff also sought compensatory and punitive damages.

1a. It would appear that plaintiff may be one of two owners by the entireties of this property, rather than the sole owner. If the property is so owned in the entireties, plaintiff's husband may be a necessary party to this suit. However, in view of this Court's views with regard to this case, this Court does not reach that issue herein.

2. Plaintiff also alleges facts which appear designed to show diversity of citizenship as an alternate jurisdictional ground.

ing that judicial immunity of Judges from liability \* \* \* is itself unlawful. \* \* \* " Plaintiff appears *pro se,* as she did in the Court of Appeals of Maryland.[3]

All of the original defendants herein filed motions to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b) (6). Following written and oral argument in this Court, plaintiff filed a "Motion to Supplement Complaint and Add Defendants." By that motion, plaintiff seeks to add as defendants Messrs. Melvin A. Yates and Joe Judge and Judge John N. Maguire of the Circuit Court for Baltimore County, and alleges, *inter alia:*

On August 1, 1968, Plaintiff filed a Civil Action in the Baltimore County Court, numbered 71760, against an automobile salesman Melvin A. Yates, used auto dealer Joe Judge, and State Finance Corp., for conspiracy to place, and placing, on her Arbutus, Md. property, a repossessed automobile (on default of buyer's payments) (sum $701.-00) financed by State Finance Corp., as shown by the Md. Title Certificate. (Original sum, $1,320.00.)

On Sept. 11, 1970, Melvin Yates and Joe Judge, in County Action (#71760), obtained on Petition from a (non-named) Balto. County Judge,—an ex parte Order for Plaintiff to Show Cause why the *First Count* of her Complaint should not be dismissed (Md. Rule 203a), on the ground that she was not the real party in interest, because she held title to the said Arbutus property with her husband Guy W. Picking. Facts are established that husband and wife own title in entirety, as publicly recorded since 1938 in the Balto. County Court House, and at all times they were in possession of the property. The First Complaint Count relates to a continuing trespass by automobile on Plaintiff's vacant lot adjoining her improved property. The Second Count relates to destruction of parts of Plaintiff's

building, which parts, had been no part of any oral monthly rental agreement with Yates as "roomer."

On Oct. 13, 1970, at the Hearing of said Motion and Answer to Show Cause Order, presided by Judge Maguire, it was clearly evident that the Motion to Dismiss was based on conspiracy for the benefit of State Finance Corp., especially, in effecting Dismissal of the First Count, in which it was involved, by having Judge Maguire coerce Plaintiff into coercing her husband to join as an unwilling non-resident plaintiff in order that State Finance Corp. could immediately attach and sell Plaintiff's property to effect payment of its Judgment for Brief costs resulting from the action of the Md. Court of Appeal Judges, when they ignored Plaintiff's ground of appeal, from the ignoring of ruling by County Judge (Turnbull), on her Petition for Mandatory Injunction against the trespass (Contained matter in the original Complaint) (County #71760). (The Order for Appeal Costs had not been signed by any Appeal Judge, but, ex parte by a non-named County Judge). The unlawful purpose was to effect payment of Brief costs without waiting for final adjudication of all of the issues as to all of the parties.

\* \* \* \* \* \*

The evident designs of the conspiracy are: (1) To prevent Plaintiff from proceeding in the Balto. County Court and to prevent her from taking an appeal to the State Court of Appeals because the Order being conditional and uncertain does not constitute finality; (2) To subject the Complaint, by duress,—and unlawfully,—to the defense of statutory limitation of time by adding a new party after the limitation of time has expired; (3) To indirectly and by trickery, unlawfully subject Mr. Picking to Mrs. Picking's financial obligations; (4) To deprive Plain-

---

3. The Maryland Court of Appeals noted that plaintiff is an attorney. 257 Md. *supra* at 555, 263 A.2d 572.

tiff of her "personal Constitutional Right" to sue "for separate redress" from defendants' tortious damage to her, apart from any damage sustained by her husband for the same wrong. * * *

Whether plaintiff's complaint is considered as originally filed or as amended in accordance with plaintiff's motion to amend plaintiff is not entitled to any relief herein.

 Because plaintiff's complaint seeks redress for an "infringement of property rights," Hague v. C.I.O., 307 U.S. 496, 531, 59 S.Ct. 954, 83 L.Ed. 1423 (1940), no cause of action is stated under 42 U.S.C. § 1983. Garren v. Winston-Salem, 439 F.2d 140 (4th Cir. 1971); Weddle v. Director, 436 F.2d 342 (4th Cir. 1970). However, jurisdiction of this Court in this case would appear to be present under the provisions of 42 U.S.C. § 1985 and 28 U.S.C. § 1343(1) because § 1343(1) provides that:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or *property*, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42; * * *. [Emphasis supplied.]

Therefore, this Court proceeds to the merits of this case and, at the outset, in connection with the damages claimed by plaintiff against Judges Hammond, Digges, Turnbull and Maguire, takes note of Pierson v. Ray, 386 U.S. 547, 553–554, 87 S.Ct. 1213, 1217–1218, 18 L.Ed.2d 288 (1967), in which Mr. Chief Justice Warren wrote:

* * * Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in Bradley v. Fisher, 13 Wall.

335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." (Scott v. Stansfield, L.R. 3 Ex. 220, 223 (1868), quoted in Bradley v. Fisher, supra, 13 Wall. 349; note, at 350, 20 L.Ed. at 650.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*See also* Berg v. Cwiklinski, 416 F.2d 929, 931 (7th Cir. 1969); Stambler v. Dillon, 302 F.Supp. 1250, 1254–1255 (S.D.N.Y.1969).

 Accordingly, plaintiff's complaint, insofar as plaintiff seeks damages herein against Judges Hammond, Digges, Turnbull and Maguire, must be, and hereby is, dismissed.

Insofar as all other relief sought herein by plaintiff is concerned, neither the complaint nor plaintiff's responses to the motions to dismiss reveal any specific details of the alleged conspiracy, except that plaintiff does allege that she was coerced into coercing her husband to join the state court action. Otherwise, the record, including plaintiff's motion to amend, discloses nothing more than the conclusory statement that a conspiracy among defendants has deprived plaintiff of her civil rights. While plaintiff need not state all her evidence in her complaint or in advance of trial, it is incumbent upon her to set forth a "short and plain statement of the claim

showing that the pleader is entitled to relief." Fed.R.Civ.P. 8.

In 2A J. Moore, Federal Practice ¶ 8.17 [5], the author has written:

As they do to pleadings in other civil actions, the general principles of "notice pleading" under Rule 8 apply to pleadings averring conspiracy. However, while Rule 8 demands only a "short and plain statement of the claim showing that the pleader is entitled to relief," in a pleading of conspiracy it is important that within the pleader's ability to do so, and without going into unnecessary detail, the opposing party be informed of the nature of the conspiracy charged, to which he may adequately plead.

It is not enough merely to state that a conspiracy has taken place. Where possible, there should be some details of time and place and the alleged effect of the conspiracy. This is not to say that the pleader must plead his evidence; further details may be secured by means of discovery, and related devices. Moreover, great leeway should be allowed the pleader, since by the nature of the conspiracy, the details may not be readily known at the time of the pleading. [Footnotes omitted.]

Viewed in the light of those standards, plaintiff's complaint is more than slightly deficient and is dismissed in its entirety for that independent reason.

 Also, this Court concludes for another reason that plaintiff's claim for equitable relief is, in and of itself, without merit. That additional reason is grounded upon the fact that plaintiff's state court action remains pending at this time. Under the circumstances of this case, equitable relief by this Court, under 42 U.S.C. §§ 1983, 1985, is barred by the provisions of 28 U.S.C. § 2283, in the absence of those "most compelling reasons" of which Judge Haynsworth spoke in Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964), cert. denied Chase v. McCain, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702 (1965). *See also*

Tyrone v. Wilkinson, 410 F.2d 639, 642 n. 7 (4th Cir.), cert. denied, 396 U.S. 985, 90 S.Ct. 477, 478, 24 L.Ed.2d 449 (1969). And even if Mrs. Picking's state court case were not still pending and had been decided completely adversely to her at all nisi prius and appellate levels, she, as a disappointed state court litigant, could not successfully challenge in a federal district court a state court decision.

\* \* \* It is well settled that a United States District Court is a court of limited jurisdiction only and does not have appellate jurisdiction to review the decisions of state courts.

Malinou v. Cairns, 293 F.Supp. 1007, 1009 (D.R.I.1968). *See also* Pilkinton v. Pilkinton, 389 F.2d 32, 33 (8th Cir.), cert. denied, 392 U.S. 906, 88 S.Ct. 2057, 20 L.Ed.2d 1364 (1968); Daniels v. Thomas, 225 F.2d 795, 797 (10th Cir. 1955), cert. denied, 350 U.S. 932, 76 S. Ct. 303, 100 L.Ed. 815 (1956).

Accordingly, for the several reasons set forth hereinabove, it is, this 6th day of May, 1971, ordered that defendants' motions to dismiss be, and they each are hereby, granted.