John T. WEPPLER et al., Plaintiffs,

v.

The SCHOOL BOARD OF DADE COUNTY, FLORIDA, Defendant.

No. 75–730–Civ–JLK.

United States District Court,
S. D. Florida,
Miami Division.

May 13, 1975.

Herbert Weinsoff, Miami, Fla., for plaintiffs.

## ORDER OF DISMISSAL

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the court's own motion. Having considered the record and being fully advised in the premises, the court finds and concludes that the complaint must be dismissed for lack of jurisdiction.

Plaintiffs are non-instructional employees of the defendant Dade County School Board. They seek to recover unpaid minimum wages and unpaid overtime compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. In the complaint, it is alleged that an action seeking the same relief was filed in the Circuit Court of Dade County, and that the action was dismissed on December 12, 1973 on the ground that the suit was barred by the Florida doctrine of sovereign immunity. The complaint also notes that the dismissal was affirmed by the Third District Court of Appeal of the State of Florida.

Plaintiffs had the option of commencing an original action in either state or federal court. *See, e.g.*, Goettel v. Glenn Berry Mfrs., Inc., 236 F.Supp. 884 (N.D.Okl.1964). They now press upon this federal court the contention sovereign immunity, the doctrine which caused the termination of their state suit, was waived by F.S.A. § 230.22(4). That statutory provision is certainly not a new one, or one that has been enacted since the time of the circuit court's dismissal of the original suit, since the legislation has apparently remained unchanged since 1935. The present posture of this case makes apropos the following quotation from the Fifth Circuit opinion in Brown v. Chastain, 416 F.2d 1012 (5th Cir. 1969):

[I]t is plainly evident that what [plaintiff] seeks in this original action is a review by the federal courts of the proceedings of the . . . [Florida] State Courts . . .. Federal courts are without authority to function as an appellate arm of the state courts.

*Id.* at 1013–14, Dyer, J., *quoting from* Pilkinton v. Pilkinton, 389 F.2d 32, 33 (8th Cir. 1968). It is therefore

Ordered and adjudged that the complaint be and the same is hereby dismissed for lack of jurisdiction.