JOACHIM MEMORIAL HOME, and Helmuth Hilz, its President, Plaintiffs,

v.

Jack G. ASKEW, d/b/a Leonard & Askew, Architects, Defendants.

No. A1–75–82.

United States District Court, D. North Dakota, Southwestern Division.

Dec. 20, 1975.

Floyd B. Sperry, Sperry & Schultz, Bismarck, N.D., for plaintiffs.

Malcolm H. Brown, Bair, Brown & Kautzman, Mandan, N.D., for defendants.

## MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

Plaintiff Joachim Memorial Home (hereinafter "the Home") is an unincorporated association in Beulah, North Dakota, whose purpose is to provide a home for elderly people. Plaintiff Helmuth Hilz is president of the association. The Defendant, Jack G. Askew, is an architect who provided his services to the Home in connection with a planned building project.

In October of 1972 the Defendant brought an action against the Home in state court for fees he had not been paid; the Home, in turn, counterclaimed for the fees it had already paid the Defendant, and demanded a trial by jury. At the close of the evidence, the state trial judge granted the motions of the Defendant (plaintiff therein) for a directed verdict on the principal claim and for a directed verdict of dismissal on the counterclaim. The Home appealed to the North Dakota Supreme Court, which affirmed. *Askew v. Joachim Memorial Home*, 234 N.W.2d 226 (N.D.1975). A petition for rehearing was denied on October 24, 1975. The Home has apparently not appealed or sought certiorari in the United States Supreme Court under 28 U.S.C. § 1257 but has instead filed this action.

In this action, apparently laid under the "general federal question" statute, 28 U.S.C. § 1331, Plaintiffs claim that the ruling of the trial court and the decision of the North Dakota Supreme Court denied Plaintiffs their rights to due process under the Fourteenth Amendment—in particular, the right to trial by jury of questions of fact.[1] Plaintiffs seek to have the rulings of the trial court and the North Dakota Supreme Court declared unconstitutional and ask that these be set aside as a denial of due process. Further, Plaintiffs seek a preliminary injunction enjoining the Defendant from enforcing his state court judgment until this lawsuit is resolved.

Pending are Plaintiffs' motion for a preliminary injunction and Defendant's motion to dismiss the action for lack of subject matter jurisdiction. The Plaintiffs' motion is denied, and the Defendant's motion is granted.

### I.

First, this Court lacks jurisdiction of the subject matter because "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970). The language of the United States Supreme Court in *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), is pertinent here:

"If the constitutional questions stated in the . . . [complaint] actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication. [Citations omitted] Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character. . . . To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original." *Id.*, 263 U.S. at 415–16, 44 S.Ct. at 150.

---

1. The Home apparently first asserted its claimed denial of right to trial by jury in its petition for rehearing to the North Dakota Supreme Court.

See also *Pilkinton v. Pilkinton*, 389 F.2d 32 (8th Cir.), *cert. denied*, 392 U.S. 906, 88 S.Ct. 2057, 20 L.Ed.2d 1364 (1968); *Jones v. Hulse*, 391 F.2d 198 (8th Cir.), *cert. denied*, 393 U.S. 889, 89 S.Ct. 206, 21 L.Ed.2d 167 (1968); *Evanson v. Northwest Holding Company*, 368 F.2d 531 (8th Cir. 1966), *cert. denied*, 386 U.S. 1004, 87 S.Ct. 1347, 18 L.Ed.2d 432 (1967); *Brown v. Chastain*, 416 F.2d 1012 (5th Cir. 1969), *cert. denied*, 397 U.S. 951, 90 S.Ct. 976, 25 L.Ed.2d 134 (1970).

## II.

Second, the anti-injunction statute is a complete bar to this action. It provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (1965). "It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atlantic Coast Line*, supra, 398 U.S. at 287, 90 S.Ct. at 1743. See also Wright, *Law of Federal Courts*, § 47, pp. 180–81 (2d Ed. 1970). But see *Lynch v. Household Finance Corporation*, 405 U.S. 538, 559, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), (White, J., dissenting).

The injunction sought by the Plaintiffs does not fall under any of the specific statutory exceptions listed in § 2283, as required by *Atlantic Coast Line*, supra. Consequently, § 2283 deprives this Court of jurisdiction either to grant an injunction against enforcement of the state court judgment or to do so indirectly by declaring such judg-

ment to be unconstitutional. See *Euge v. Smith*, 418 F.2d 1296 (8th Cir. 1969), (Blackman, J.); *Hartsville Theatres, Inc. v. Fox*, 324 F.Supp. 258, 262–64 (D.S.C.1971).

## III.

Third, this Court lacks jurisdiction of the subject matter because the Plaintiffs' constitutional claim "is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946). See also *Hagans v. Lavine*, 415 U.S. 528, 536–43, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). The Plaintiffs' claim is frivolous for two reasons:

1. The Seventh Amendment, which preserves the right of trial by jury in civil cases in federal courts, "has not been held to be applicable to the States" through the Fourteenth Amendment. *Colegrove v. Battin*, 413 U.S. 149, 169 n. 4, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973), (Marshall, J., dissenting). See also *Wagner Co. v. Lyndon*, 262 U.S. 226, 231–32, 43 S.Ct. 589, 67 L.Ed. 961 (1923), a case remarkably similar to this one.

2. Even if the Seventh Amendment were applicable to the states through the Fourteenth Amendment, the practice of the "directed verdict" has been held to be perfectly consistent with the demands of the Seventh Amendment. See *Galloway v. U. S.*, 319 U.S. 372, 388–96, 63 S.Ct. 1077, 87 L.Ed. 1458 (1943); *Boeing Company v. Shipman*, 411 F.2d 365, 374 n. 13 (5th Cir. 1969).[2]

2. Rule 50 of the North Dakota Rules of Civil Procedure—under which the trial judge granted and the state Supreme Court approved the directed verdicts in this case—is identical to Rule 50 of the Federal Rules of Civil Procedure. And the constitutionality of Rule 50 of the Federal Rules "is thor-

oughly settled." Wright & Miller, *Federal Practice and Procedure*: Civil § 2522 (1971). Furthermore, the North Dakota test to determine whether evidence is sufficient to create a jury question is "substantially the same" as the federal test. *Steel v. Downs*, 438 F.2d 310, 311 (8th Cir. 1971).

IV.

Finally, even if this Court had jurisdiction of this action, Plaintiffs would not be entitled to a preliminary injunction because of their failure to show any irreparable injury which would result to them from the enforcement of the state court judgment.

Counsel for the Defendant will forthwith submit an appropriate form of judgment dismissing the action with prejudice. Costs are adjudged against the Plaintiffs.

