## CIRCUIT COURT OF THE CITY OF RICHMOND

Charles K. Johnson

  v.

George E. Kaugars

October 31, 1988

Case No. LM-152-3

By JUDGE T. J. MARKOW

  Based on plaintiff's allegations, this case arises from a hearing by the State Board of Dentistry initiated when the defendant furnished investigators of the Board with false information which related to alleged billing improprieties of plaintiff dentist, Dr. Johnson. The defendant, Kaugars, is alleged to have testified at the hearing and to have provided to the Board certain documents and information concerning patient services that were allegedly paid for by Medicaid but never actually rendered.

  After the Board hearing ended with no unfavorable result to Dr. Johnson, he initiated this two-count suit against Kaugars alleging that defendant's role in the investigation constituted malicious prosecution (Count I) and a conspiracy to injure plaintiff in his trade or business in violation of Va. Code Ann. § 18.2-499 and Section 18.2-500 (Count II).

  The demurrer claims that Count I is defective in that plaintiff fails to allege that the defendant instituted

a prosecution of plaintiff, arrested him, seized his property, or caused him any "special injury."

Count II which is brought under Virginia's Conspiracy to Injure Another in Trade, Business, or Profession Statute, Va. Code Ann. § 18.2-499 and § 18.2-500, is claimed to be defective in that it fails to allege an agreement between co-conspirators.

For the following reasons, the court concludes that the demurrer is well taken on both counts and should be sustained.

Actions for malicious prosecution are generally not favored in law. Recovery is allowed only when the restrictions on such actions have been fully overcome. *Wiggs v. Farmer*, 205 Va. 149, 135 S.E.2d 829 (1964). The stringent requirements imposed upon actions for malicious prosecution are designed to encourage persons to bring criminal actions in appropriate cases without fear of reprisal by civil actions, criminal prosecutions being essential to the maintenance of society. *Ayyildiz v. Kidd*, 220 Va. 1080, 266 S.E.2d 108 (1980). The same principal applies to administrative or disciplinary hearings before state investigatory boards which are entrusted to protect the public interest and to preserve the integrity of particular professions. *Carver v. Lykes*, 262 N.C. 345, 137 S.E.2d 139 (1964).

Regardless of the nature of the underlying proceeding, be it criminal, civil, or a hybrid, a plaintiff in a malicious prosecution is required to allege and prove: (1) the prosecution was set on foot by the defendant and was terminated in a manner not unfavorable to the plaintiff; (2) it was instituted or procured by the cooperation of the defendant; (3) it was without probable cause; and (4) it was malicious. *Ayyildiz*, 220 Va. 1082.

Here the demurrer contends that from the motion for judgment, Dr. Kaugar's role in the Board of Dentistry proceedings was that of a witness and that statements made by a witness to prosecutors and law enforcement officials will not be grounds for an action for malicious prosecution even though the prosecution was commenced as a result of the statement. The overt conduct complained of was Dr. Kaugar's release of certain incriminating materials to an investigator from the Board of Dentistry.

During oral argument, plaintiff's counsel made clear that Kaugars's alleged "active cooperation in the institution of charges and investigation of charges" consisted of permitting false information to be communicated to the Board. In other words, plaintiff contends that Dr. Kaugars's suppression of truthful statements regarding alleged billing improprieties constituted sufficient "institution, instigation, or subsequent adoption of steps already taken an instigated by others" so as to satisfy the rule of *Clinchfield Coal Corp. v. Redd*, 123 Va. 420, 96 S.E. 836 (1918). The court agrees. In *Clarke v. Montgomery Ward & Company*, 298 F.2d 346 (4th Cir. 1962), the Fourth Circuit applying Virginia law ruled that "a person who places before a prosecuting officer information upon which criminal proceedings are begun, and who later acquired additional information casting doubt upon the accused's guilt, should be under an obligation to disclose his discovery to the prosecutor." *Clarke* at 348. Assuming that Kaugars's role in the investigation was as a silent and knowing purveyor of false information, such conduct would be sufficient "ratification" so as to survive defendant's demurrer on this point.

Notwithstanding plaintiff's ability to satisfy the requirement of "instigation, initiation, or ratification," plaintiff has failed to allege arrest, seizure of property, or "special injury." Both parties agree that *Ayyildiz v. Kidd* stands for the proposition that in malicious prosecution actions stemming from a civil proceeding, a plaintiff must allege and prove arrest of his person, seizure of his property, or special injury incurred. The motion for judgment fails to allege arrest of Johnson's person, seizure of his property, or any special injury incurred by Johnson. It merely speaks of "actual monetary damages, personal distress, and damage to his personal and professional reputation."

Plaintiff relies, in this matter, on the hybrid, quasi-criminal nature of a state investigatory board hearing and the language of *National Surety Co. v. Page*, 58 F.2d 145 (4th Cir. 1932), which cites business losses as sufficient "special injury" in an action for malicious prosecution. The court does not consider administrative hearings as criminal proceedings but rather civil in nature, and, therefore, the plaintiff must allege and prove the

"special injury" required in *Ayyildiz v. Kidd*, 220 Va. 1082 (1980).

As defendant's memorandum in support of demurrer persuasively argues, *Ayyildiz* makes clear such a claim of damages does not constitute special injury. The plaintiff in *Ayyildiz* was a physician who had been sued for malpractice. After the malpractice action had been terminated in his favor, the physician sued the attorney who had filed the malpractice action. The plaintiff physician claimed that his damages were essentially the same as claimed by plaintiff here, damages to reputation and loss of earnings and profits. The Supreme Court of Virginia affirmed the trial court's sustaining of the demurrer because the alleged damages did not constitute special injury. The Supreme Court of Virginia stated:

> The plaintiff here has suffered no injury that would not stem normally from a medical malpractice suit. A defendant in such a suit usually pays his costs and attorneys' fees. The damage to the professional reputation of a physician who prevails in malpractice litigation is debatable; but in any event, such damages as may result are common to all malpractice actions. Moreover, plaintiff's allegations of injury to his professional reputation and good name are conclusory with no facts being alleged to support a special injury. The other "special injury" alleged, concerning loss of present and future income, we have observed would fall upon the defending physician in any medical malpractice action.

220 Va. 1084-85.

So too the damages alleged by Johnson are of a class which would normally be expected to flow from disciplinary proceedings. Johnson has failed to aver special injury. Accordingly, his motion for judgment fails to state a claim against Kaugars for malicious prosecution as asserted in Count I of the Motion for Judgment.

This court declines to find, as plaintiff urges, that the Supreme Court of Virginia erred when it "ignored" the language of *National Surety* which listed "injury to business" as sufficient "special injury." A better explana-

tion is that our Supreme Court has concluded that the English rule, concededly a minority rule, is the better rule of law as applied to civil proceedings such as the hearing involved in the instant case.

Count II of the motion for judgment alleges a conspiracy by Kaugars and others to injure Johnson in his reputation, trade, business, and profession as contemplated in § 18.2-500 of the Code of Virginia. To recover for statutory conspiracy, a plaintiff must prove: (1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business; and (2) resulting damage to plaintiff. *Allen Realty Corp. v. Holbert*, 227 Va. 441 (1984).

Mere conclusory language devoid of factual allegations is insufficient to state a cause of action for civil conspiracy. *Bowman v. State Bank of Keysville*, 229 Va. 534, 541, 331 S.E.2d 797 (1985). In pleading conspiracy, the plaintiff must inform the opposing party of the nature of the conspiracy charged. *Picking v. State Finance Corp.*, 332 F. Supp. 1399, 1403 (D. Md. 1971) *citing* 2A J. Moore, Federal Practice, P. 8.17(5). Due to the nature of conspiracy, all details may not be known at the time of pleading. Still, it is not enough merely to state that a conspiracy took place. There should be some details of time and place and the alleged effect of the conspiracy. In *Connor v. Real Title Corp.*, 165 F.2d 291, 294 (4th Cir. 1947), conclusory allegations of "a vicious conspiracy and collaboration" between three *named* defendants to prevent the plaintiff from collecting rentals from properties were insufficient.

Although it is alleged that Kaugars and others made, allowed, and participated in the transmittal of information and documents to the State Board of Dentistry, the motion for judgment fails to allege any agreement between Kaugars and others to take such action for the purpose of injuring the plaintiff in his reputation, trade, business, and profession. Indeed, the plaintiff concedes that there is no allegation that the co-conspirators formally or actually met or verbally agreed to engage in such conduct. From the pleadings, the court cannot even infer an agreement.

No conspiracy can exist without an agreement. *F. P. Heacock v. Commonwealth*, 228 Va. 397 407, 323 S.E.2d 90

(1984). It is the concerted activity by parties who combine their resources and efforts which creates the special harm that the law of conspiracy seeks to suppress.

The court is mindful of the fact that conspiracies may be proved circumstantially and that parallel conduct by co-conspirators may furnish evidence by which a trier of fact may reasonably infer the existence of an agreement. However, plaintiff confuses the issue of proving a case, which may be done circumstantially, with the necessity of pleading a case, which must allege facts that, when considered by a court of law, establish that there existed between the parties an agreement, a meeting of minds, for that is what this statute providing for both punitive relief and treble damages seeks to prohibit.

It is not enough for plaintiff merely to track the language of the conspiracy statute without alleging the fact that the alleged co-conspirators did, in fact, agree to do something the statute forbids. No such agreement is pled or alleged by Johnson. The claim of Johnson for damages based on § 18.2-500 is, therefore, fatally defective.

In light of the foregoing, defendant's demurrer will be sustained.