Kjrkratrick C. J.
At the time the Bank refused payment, in specie, Cornelius Van Horn, the defendant, being possessed *of one of the notes of this hank, for one dollar, as bearer, instituted a suit upon it before Daniel Latov,rette, esq. of Somerset, and had judgment in his favour. This judgment is brought up here by certiorari, and there are several reasons assigned for the reversal of it.
1. The first and principal reason is, that a demand of payment must necessarily be made at the Bank, (which was not done here) before an action will lie on these bank notes.
2. That a summons, which was the first process in this case, does not lie against a corporation, but a distringas only.
3. That though the summons should be thought to be regular, yet the service of it, having been on the cashier only, is not sufficient under the act constituting those courts; and there was no lawful appearance to cure this *440 defect. The cashier and one of the directors attended the trial, but this is not sufficient; becai/ée a corporation can appear only by attorney appointed by warrant under the corporate seal.
4. That these courts for the trial of small causes, have no jurisdiction of actions against corporations.
With respect to the first of these reasons. I see no ground for a distinction between the notes of corporations and natural persons, nor between the notes of banks and other corporate bodies. If it subjects them to difficulty, they might have guarded against this difficulty by making their notes payable only at their own counter; but having not thought proper to do so, they must be subject to the same law which governs transactions of this kind in other cases.
The section of the act constituting the State Banks, which enacts, “ That the bank notes or bank paper of the said banks, shall be of one device or impression, save and except, that the bank notes or bank paper of each bank respectively, shall be made payable at the bank issuing the same, and be signed by the president and cashier thereof;” seems to have been so construed by the directors themselves, as that the words “ shall be made payable at the bank issuing the samé,” shall be taken to mean, by the president and directors of the bank, and not at the counter of the bank; for none of their notes are made payable at the counter. I am inclined to think too, that under the latitude in which the term bank is used, this is the true construction; and that this section is only intended to make each bank responsible *for its own notes; and this too, is rendered the more probable by comparing this with the 32nd section of the same act. But whether this be the'true construction or not, it cannot affect the plaintiff in this case: for this note is not made payable at the Bank. Then as to the
2nd and 3rd reasons. It is well known that the original writ at the common law, in personal actions, was either a precipe quod reddat, which was in the nature of a summons, or sifecerit te securum, which was in the nature of a capias. (a) The first, which was a mere notice given *441 by, or in the presence of responsible men, who were called suminoners, was always issued against corporations, (3-Bla.c. Com,, and books of practice, passim,) and in corporations aggregate was served on the head man, who had tire power of the seal, or, by some authorities, on the visible agent or chief clerk of the corporation; and upon such service if the corporation did not appear by attorney in lawful form, there was a distringas and distress infinite. (See Jmpnjs practice.) Our acts of assembly having done away (lie necessity of a formal appearance, both in those inferior courts and in the courts of general jurisdiction) and having declared, that upon being returned summoned, the defendant shall be considered as being in court, and may be proceeded against, and have judgment against him, have of course, done away the necessity of the distringas. If the proceeding in question, therefore, had taken place in one of our common law courts of general jurisdiction, or if the mode of serving a summons in the justices’ court had not been specially pointed out and limited, I should have thought it, in this respect, well enough. But
4. The justices’ court is a court of limited jurisdiction, created by act of assembly, and has its course of proceeding specially pointed out in the act itself. Upon general and well established principles, therefore, it can neither exceed the one, nor depart from the other. Among other things, the act prescribes the precise manner in which the summons shall be served, and the precise form in which the execution shall be issued, both of which are too well known to need recapitulation here, and both which are wholly inapplicable to, andindeeed impossible in cases of corporations ; and therefore preclude the construction, that a corporation can bo sued before a justice of the peace.
The court could not proceed to trial, without appearance, ^unless the summons liad been served according to the directions of the act, which in this case was impossible, (or if possible, certainly was not done,) nor upon the entry of judgment could it issue execution against the body, (which is the form prescribed by the act,) because *442 a corporation is not the subject of arrest. For this last reason, in the opinion of the whole court,
Let judgment' be reversed.

 See Bank of New Brunswick vs. Arrowsmith, 4 Hal. 287 et seq.