# Wytheville

PERSONAL SMALL LOAN CORPORATION v. DORA MAY DAHN.

June 11, 1936.

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*Simeon M. Atkinson,* for the plaintiff in error.

*Louis S. Herrink* and *B. Harrison Turnbull,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Dora May Dahn instituted her action by notice of motion against the Personal Small Loan Corporation for damages in the sum of $2,500 for civil malicious prosecution. There were two trials of the case in the lower court. The first trial resulted in a verdict for the plaintiff in the sum of $1,000, which the court set aside on the grounds that the damages awarded were excessive and that the jury had been misdirected. Upon the second trial the jury awarded damages of $600 against the defendant, and upon this verdict the court entered judgment. From this judgment a writ of error was granted.

The parties will be referred to as the plaintiff and defendant according to the positions they occupied in the court below.

The material facts in this case are these: The plaintiff was indebted to the defendant for the sum of $210 which was evidenced by a note made by the plaintiff and three co-makers. The plaintiff filed her petition and schedule of debts in the District Court of the United States for the Eastern District of Virginia, praying for an extension of time in which to pay her obligations. Prior to any action on this petition, but after said petition had been filed, the defendant brought suit in the Civil Justice Court for the purpose of obtaining judgment against the plaintiff and the co-makers of the note held by the defendant. Thereafter on September 15, 1933, the defendant was ordered by the District Court to show cause on October 2, 1933, why it should not be enjoined and restrained from proceeding further until the extension proceedings had terminated. The defendant by this order was restrained from doing any act or pursuing further the enforcement of its claim in any court of the Commonwealth of Virginia pending the further order of this court. The record discloses no further action taken in respect to this order. The creditors of the plaintiff, including the defendant, signed an extension agreement in the proceedings in the

District Court on October 7, 1933, which was approved and confirmed by said court on December 30, 1933. The result of the extension agreement was that the plaintiff was ordered to pay $48 per month to Louis S. Herrink, the plaintiff's attorney, who was directed to distribute the same ratably every three months to the creditors of the plaintiff. On February 2, 1934, the first distribution was made to the creditors, the defendant receiving the sum of $10.50 as its *pro rata* share. On April 13, 1934, the defendant again instituted its suit in the Civil Justice Court against the plaintiff and the co-makers on the note but this suit was dismissed on the return day by the attorney for the defendant after the plaintiff's attorney had called his attention to the status of the matter in the District Court. Both the manager of the defendant who had caused the issuance of the civil warrants and the plaintiff testified that there was no ill feeling between the officers and agents of the defendant and the plaintiff, but that they were on friendly terms. The manager of the defendant corporation testified that he thought he was to receive monthly payments on his debt, and when said payments were not being made in that manner he believed that he had a right to sue the makers of the note. He in no way opposed the dismissal of the warrant as to the plaintiff, nor was it necessary for the plaintiff or her attorney to attend court in connection with the warrant.

There are various assignments of error, all of which in substance deal with the one or the other of two controlling points in this case. By the first the defendant contends that no action lies for malicious prosecution of a civil case in this jurisdiction where there has been no arrest, seizure of the plaintiff's property or special injury. While, by the other, the defendant maintains that there was no proof either of malice or want of probable cause in suing out the civil warrant.

It is not conceded that an action will lie for the malicious prosecution of a civil suit in this jurisdiction in a case similar to that presented here. The question has

never been before this court for decision. Courts of other States differ on the subject. It is sufficient here to rest our decision upon other grounds.

■ In our opinion the undisputed evidence, in this case, not only shows the existence of probable cause on the part of the defendant for suing out the warrant of which complaint is made, but that the facts proven fail to show the existence of malice as a matter of law.

■ It is well settled that in order to sustain a suit for malicious prosecution the plaintiff must prove both that the prosecution was instituted without probable cause and that it was instituted with actual malice. Both must exist and neither, no matter how well established, will support an action in the absence of the other. *Freezer* v. *Miller,* 163 Va. 180, 176 S. E. 159, 182 S. E. 250.

■ As we have seen, the material facts in the instant case are not in conflict, nor are they disputed and under such circumstances the question of whether there was probable cause for the institution of the suit by the defendant is one of law. *Virginia Railway & Power Company* v. *Klaff,* 123 Va. 260, 96 S. E. 244; *Clinchfield Coal Corporation* v. *Redd,* 123 Va. 420, 96 S. E. 836.

The plaintiff and the co-makers on the note were indebted to the defendant for the sum of $210. The proceedings instituted by the plaintiff to procure an extension of time for the payment of her debts may have stayed the collection of the debt by an action at law, just as a discharge in bankruptcy may relieve the bankrupt from the payment of his debts, but these are matters of defense which the debtor may invoke, and in the absence of such defense the creditor is entitled to proceed to judgment, unless restrained from so doing.

■ Was there such a restraining order in effect at the time the warrant was sued out by the defendant? We think not. The order *to show cause* entered against the defendant on September 15, 1933, was returnable to October 2, 1933, at which time no further order was entered.

Under such circumstances the restraining order became inoperative at the time fixed by its terms. 32 C. J. 28, 29.

It is contended by the plaintiff that by reason of the extension agreement signed by the defendant the debt was not due at the time of the institution of the suit. The extension proposal offered by the plaintiff was dated October 7, 1933, and under its terms payments were to be made monthly beginning on October 31, 1933. This proposal was accepted by the creditors, including the defendant, on October 7, 1933. Although quarterly payments were to have been made to the creditors on their debts from this fund during the period from October 7, 1933, to April 13, 1934, only one payment had been so made. We do not agree that this evidence is sufficient to show a want of probable cause on the part of the defendant.

We are of the opinion from all of the evidence in this case that it is not shown that the agent of the defendant acted other than upon an honest and reasonable belief of his right to institute the suit against the plaintiff, and that such belief was founded upon such facts as would lead a person of ordinary prudence and discretion to act thereon.

In *Spengler* v. *Davy,* 15 Gratt. (56 Va.) 381, it is said that justifiable probable cause for suing out an attachment against the effects of a debtor, is "a belief by the attaching creditor, in the existence of the facts essential to the prosecution of his attachment, founded upon such circumstances as, supposing him to be a man of ordinary caution, prudence and judgment, were sufficient to induce such belief."

For the foregoing reasons the judgment should be reversed and final judgment entered for the defendant.

*Reversed.*