**Richmond**

## VEDII AYYILDIZ, M.D.

### v.

## EDWARD S. KIDD, JR.

April 18, 1980.

Record No. 780505.

Present: All the Justices.

*S. D. Roberts Moore (Gentry, Locke, Rakes & Moore,* on brief), for appellant.
*William B. Poff (Woods, Rogers, Muse, Walker & Thornton,* on brief), for appellee.

THOMPSON, J., delivered the opinion of the Court.

The plaintiff (Ayyildiz), a licensed physician, was sued unsuccessfully for malpractice by Grubb, one of his patients. The plaintiff then filed a motion for judgment against Grubb's counsel, Edward S. Kidd, Jr., a licensed attorney.

Count I of this motion, as amended, alleged that Kidd prosecuted the unsuccessful malpractice action without probable cause and with malice. Essentially, this is a "malicious prosecution" action against the attorney or, as the term is sometimes used, "wrongful use of civil proceedings." For convenience the term "malicious prosecution" will be used in this opinion. The damages alleged were the expenditure of money to defend the alleged frivolous action, direct injury in the loss of present and future earnings and profits in the practice of medicine, and injury to plaintiff's professional reputation and good name.

Count II of plaintiff's motion for judgment, as amended, alleged defendant fell below the legal standards of the community in which he practiced law and that his wilful or negligent acts caused the plaintiff damages identical to those described in Count I as amended.

The trial court sustained defendant's demurrer on the grounds: (1) that an action for malicious prosecution cannot be maintained stemming from a civil action where there is no arrest of the person, seizure of his property or special injury; and (2) that Count II of the motion for judgment was based on Kidd's alleged negligence and this negligence was not actionable by the plaintiff.

Plaintiff's appeal from this action by the trial court raises three important questions:

1. Will an action for malicious prosecution in a civil case lie in Virginia where there has been no arrest, seizure of the plaintiff's property, or special injury?

2. Do allegations of loss of earnings and profits, damage to professional reputation and costs incurred to defend a suit maliciously prosecuted constitute special injury?

3. Is an attorney liable, under the circumstances of this case, for negligence to a defendant resulting from a medical malpractice case in which the attorney served as counsel for the plaintiff?

█ The first question was before the court in *Personal Small Loan Corp.* v. *Dahn,* 166 Va. 472, 186 S.E. 45 (1936), where we declined to pass upon it since the undisputed evidence showed the existence of probable cause and the facts given failed to show malice as a matter of law. The authorities upon the point are divided and are collected in *O'Toole* v. *Franklin,* 279 Or. 513, 518-19, 569 P.2d 561, 564-65 (1977).

Actions for malicious prosecution arising from criminal, rather than civil, proceedings have been sustained in Virginia but are not favored. The requirements for maintaining an action for malicious prosecution arising from a criminal case are more stringent than those applied to other tort actions. The plaintiff must allege and prove that: (1) the prosecution was set on foot by the defendant and was terminated in a manner not unfavorable to the plaintiff; (2) it was instituted or procured by the cooperation of the defendant; (3) it was without probable cause; and (4) it was malicious. Moreover, when the defendant acts in good faith upon the advice of reputable counsel, after a full disclosure of all material facts, he has probable cause to support his action. Probable cause serves as a complete defense to an action for malicious prosecution even if the legal advice is wrong. *Pallas* v. *Zaharopoulos,* 219 Va. 751, 250 S.E.2d 357 (1979). The stringent requirements imposed upon the action for

malicious prosecution arising from a criminal case are designed to encourage persons to bring criminal actions in appropriate cases without fear of reprisal by civil actions, criminal prosecutions being essential to the maintenance of an orderly society. *Lee* v. *Southland Corp.*, 219 Va. 23, 26, 244 S.E.2d 756, 758 (1978).

In the matter now before us the plaintiff seeks to extend the malicious prosecution doctrine to an unsuccessful civil action. Also, he sues not the plaintiff in that action, but the plaintiff's counsel, a licensed attorney. We observe that a lawyer is subject to the Disciplinary Rules of this Court, particularly Rule 6:II:DR 7-102(A)(1) which forbids him to "[f]ile a suit, assert a position ... or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another." This rule covers substantially the acts which are the foundation for an action for malicious prosecution.

By the English common law rule, followed by a sizeable minority of American states, the malicious prosecution doctrine is not extended to a civil proceeding, even though this proceeding is instituted for an improper purpose and without probable cause, unless there is an arrest of the defendant in that civil action, seizure of his property, or some other special injury to him. *E.g., Schwartz* v. *Schwartz*, 366 Ill. 247, 8 N.E.2d 668 (1937); *Harter* v. *Lewis Stores, Inc.*, 240 S.W.2d 86 (Ky. 1951); *North Point Construction Co.* v. *Sagner*, 185 Md. 200, 44 A.2d 441 (1945); *Mitchell* v. *Silver Lake Lodge*, 29 Or. 294, 45 P. 798 (1896). The English common law position is said to be supported by two reasons. In a malicious prosecution action arising from a civil matter, there should be no restraint upon the suitor through fear of liability resulting from failure of his action. Also, disputes should not be tried a second time under the guise of actions for malicious prosecution. Although Dean Prosser considered these reasons of "questionable validity," W. Prosser, The Law of Torts § 120 at 850-51 (4th ed. 1971), and the American Law Institute in Restatement (Second) of Torts § 674 (1977) rejects the English position, we favor the English and minority view.

The action for malicious prosecution stemming from a criminal proceeding has been recognized in part for its effect in deterring frivolous or vengeful criminal proceedings. These can be commenced and conducted in almost all instances at little expense to the initiator, the cost of the proceeding being borne by the public. In civil proceedings, on the other hand, the expense to the plaintiff tends to deter frivolous litigation.

This court, while fully implementing the deterrent function of the malicious prosecution action, can thus in the public interest apply a more stringent rule in actions arising from civil cases than in actions arising from criminal cases. This distinction seems peculiarly appropriate when, as here, the defendant in the malicious prosecution action is not the plaintiff in the civil case giving rise to the grievance but, instead, is that plaintiff's lawyer.

Accordingly, we apply the English rule and hold that in malicious prosecutions stemming from civil proceedings the plaintiff must allege and prove arrest of his person, seizure of his property or special injury incurred.

■ This brings us to the second question presented: Whether "special injury" is alleged in plaintiff's motion for judgment. He alleges no arrest of his person or seizure of his property. His allegations of damages include costs to defend the malpractice action, injury to his professional reputation and good name, plus the loss of present and future earnings and profits from his profession.

The "special injury" restriction requires allegation and proof of a special loss or unusual hardship resulting from the malicious prosecution of the original action, and " '[s]pecial injury' in this procedural sense excludes the kind of secondary consequences that are a common and often unavoidable burden on defendants in 'all similar causes,'. . . ." *O'Toole* v. *Franklin, supra,* 279 Or. at 517, 569 P.2d at 563. "Special injury" in this restricted sense focuses upon the intention of the defendant in the prosecution of the original case rather than upon the special circumstances of the plaintiff. As this court said in *Ailstock* v. *Moore Lime Co.,* 104 Va. 565, 571, 52 S.E. 213, 215 (1905),* "that if one maliciously makes use of the process of the law, with an intention to vex and distress another, he does it at his peril." As stated in *Potts* v. *Imlay,* 4 N.J.L. 382, 385 (1816), the case of first impression in New Jersey upon the point here presented, the malicious prosecution "must be attended, besides ordinary expenses, with other special grievance or damage, not necessarily incident to a defense, but superadded to it by the malice and contrivance of the plaintiff."

The plaintiff here has suffered no injury that would not stem normally from a medical malpractice suit. A defendant in such a suit usually pays his costs and attorney's fees. The damage to the professional reputation of a physician who prevails in malpractice litigation is debatable; but in any event such damages as may result are

---

* This was a malicious prosecution action based on a wrongful attachment.

common to all malpractice actions. Moreover, plaintiff's allegations of injury to his professionl reputation and good name are conclusory with no facts being alleged to support a special injury. The other "special injury" alleged, concerning loss of present and future income, we have observed would fall upon the defending physician in any medical malpractice action.

We thus conclude that "special injury" is not alleged in plaintiff's Count I of the motion for judgment, and the trial court properly sustained defendant's demurrer to this Count.

■ We now turn to plaintiff's allegation in Count II of his motion for judgment alleging his injury by the negligence of defendant's attorney. The attorney-client relationship existed here between Grubb and Kidd and not between Kidd and Ayyildiz.

An attorney's liability for damages generally is only to his client following some dereliction of duty to the client. 7 Am. Jur. *Attorneys at Law* § 167 (1963). As stated in *Bickel* v. *Mackie,* 447 F. Supp. 1376, 1381 (N.D. Iowa 1978):

> The attorney owes his primary and paramount duty to his client. The very nature of the adversary process precludes reliance by opposing parties. While it is true that the attorney owes a general duty to the judicial system, it is not the type of duty which translates into liability for negligence to an opposing party where there is no foreseeable reliance by that party on the attorney's conduct.

In *Brody* v. *Ruby,* 267 N.W.2d 902 (Iowa 1978), a doctor sued the plaintiff in a malpractice action and also her lawyers. Both the plaintiff and the lawyers were sued for malicious prosecution. In addition, the lawyers were sued for negligence stemming from their alleged failure to investigate the facts and circumstances surrounding the malpractice action before filing suit. Having adopted the English rule concerning malicious prosecution in civil cases in *Wetmore* v. *Mellinger,* 64 Iowa 741, 18 N.W. 870 (1884), the Iowa court disposed of the malicious prosecution allegation as we have done in the instant case on the ground of plaintiff's failure to allege "special injury". As to negligence of the attorneys, it was argued there, as here, that negligence might be founded upon a duty owed to the opposing party under the Code of Professional Responsibility. But the Iowa court pointed out, and we agree, that the Code of Professional Responsibility is no basis for a private cause of action, although, of course, in an appropriate case, disciplinary proceedings

can be instituted against the offending lawyer. In *Brody,* 267 N.W.2d at 906, the court stated:

> Absent special circumstances, it generally is held an attorney can be liable for consequences of professional negligence only to a client. . . . The courts reason that if liability would be permitted to a third party without regard to privity, the parties to the contract would be deprived of control of their own agreement. Further, the duty to the general public resulting from abandonment of the privity requirement would place a potentially unlimited burden on lawyers.

In other states inroads have been made in the privity doctrine as it pertains to legal malpractice, but where these inroads have occurred, the third party has been a direct and intended beneficiary of the lawyer's services. An adverse party does not stand in this position.

Accordingly, we hold that Kidd was under no legal duty to Dr. Ayyildiz and was not liable in negligence to him. The trial court properly sustained defendant's demurrer to Count II of plaintiff's motion for judgment.

The judgment of the trial court is affirmed.

*Affirmed.*