## CIRCUIT COURT OF ARLINGTON COUNTY

Marcia Stark

    v.

Jerome G. Harbin

August 7, 1986

Case No. (Law) 26277

By JUDGE THOMAS R. MONROE

This case comes before the Court on the defendant's Motion for Summary Judgment argued by the parties on July 11, 1986.

I have carefully considered the memoranda submitted and the able arguments of counsel. I will address the motion to each of the two counts set forth in the Motion for Judgment.

Count I alleges that defendant filed or caused to be filed a Motion for Judgment in this Court against plaintiff styled *Jerome G. Harbin* v. *Michael Kuhlmann and Marcia Stark*, Law No. 24851, alleging that plaintiff herein had committed numerous unlawful and tortious acts, including slander and libel. Harbin nonsuited the case against Marcia Stark, a termination in favor of plaintiff herein. Count I is for malicious prosecution.

Malicious prosecution actions are not favored in Virginia. *Ayyildiz* v. *Kidd*, 220 Va. 1080 (1980). Likewise *Ayyildiz* applies the English rule and holds "that in malicious prosecutions stemming from civil proceedings the plaintiff must allege and prove arrest of his person, seizure of his property or special injury incurred."

Do the injuries as alleged by plaintiff and shown by her answers to interrogatories constitute "special injury"?

The Court agrees with defendant's contentions "that plaintiff's losses are no different than those that would be suffered by any defendant to a defamation suit." Plaintiff "felt embarrassed and humiliated by the filing of the suit and the attention of the neighborhood to its progress curtailing her volunteer and social activities does not constitute 'special injury'." Her description of special loss or unusual hardship and her thought that her injuries were extraordinary, "he partially destroyed my way of life," do not constitute "special injury." Plaintiff's allegations of economic loss, extreme emotional distress, physical injury and public humiliation and embarrassment are conclusory with no facts being alleged to support a special injury. *Ayyildiz* v. *Kidd*, 220 Va. 1080 (1980).

Punitive damages are allowable only when there is actual malice or such recklessness or negligence as to show a conscious disregard of the rights of others. *Giant of Virginia, Inc.* v. *Pigg*, 207 Va. 679 (1967).

The Virginia Supreme Court in *Lee* v. *Southland Corp.*, 219 Va. 23 (1978), stated:

> In a malicious prosecution action, it is proper to award punitive damages only when actual malice, or malice in fact, has been established by the evidence. Legal malice, which may be inferred from want of probable cause, is not sufficient. Actual malice, or malice in fact, may be established by showing that the prosecutor's action was prompted by ill will, malevolence, grudge, spite, wicked intuition, or a conscious disregard of the rights of another. *Pigg*, *supra*, 207 Va. at 685-86, 152 S.E.2d at 277 (1967), and the many cases there cited.

Plaintiff fails to meet the requirements set out in *Giant of Virginia, Inc.*, *supra*, to maintain an award for punitive damages and "special injury" as set forth in *Ayyildiz* v. *Kidd*, *supra*. Summary judgment is granted defendant as to Count I.

*Count II: Infliction of Emotional Distress.*

In *Womack* v. *Eldridge*, 215 Va. 338 (1974), the Supreme Court of Virginia stated:

[1] We adopt the view that a cause of action will lie for emotional distress, unaccompanied by physical injury, provided four elements are shown: One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.

Following an examination of the allegations set forth in Count II of the Motion for Judgment and Answers to Interrogatories, I find that material facts are genuinely in dispute as to proof of the four elements articulated in *Womack* v. *Eldridge*, *supra*. Defendant's Motion for Summary Judgment of Count II is overruled.