## CIRCUIT COURT OF LOUDOUN COUNTY

Sally J. Alexander et al.

v.

Sherry J. Wilson et al.

October 3, 1991

Case No. (Law) 12681

By JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Demurrer of the defendants, Sherry J. Wilson and Coldwell Banker-Fred Hetzel & Associates, Inc. ("Hetzel"). The Court heard oral argument on September 6, 1991, and has read "Plaintiff's Amendment to Motion for Judgment" filed September 13, 1991, and Mr. Worcester's letter of September 20, 1991.

The Demurrer is sustained, but the plaintiffs are granted leave to replead.

A demurrer is a defensive pleading by which it is contended that an offensive pleading (here, a motion for judgment) does not state a cause of action or fails to state facts upon which the relief demanded can be granted. Virginia Code § 8.01-273. Under Rule 1:4(d) of the Rules of the Supreme Court of Virginia, every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim. Under

Rule 1:4(j), a simple statement of the essential facts is sufficient. The statute and the Rules just mentioned make it clear that in order to survive a demurrer, a motion for judgment must allege sufficient facts to establish the substantive elements of a particular cause of action. The motion for judgment must clearly inform the defendants of (1) the nature of the cause of action or theory of liability and (2) sufficient facts, and not legal conclusions, upon which the plaintiff relies. *See* Note, *The Specificity of Pleading in Modern Civil Practice: Addressing Common Misconceptions*, 25 Rich L. Rev. 135 (1990).

On demurrer, the allegations of the motion for judgment and all reasonable inferences from such allegations are deemed admitted as true. *Ames v. American National Bank*, 163 Va. 1 (1934). The Demurrer asserts that no cause of action is stated against Wilson and vicariously against Hetzel because Wilson did not have "a duty to supervise and conduct" the sale and review all the documents related to the sale and advise Mrs. Alexander of any discrepancies in the signatures. The motion for judgment further alleges that Wilson had a duty to verify Mrs. Alexander's knowledge of the sale of her property. The plaintiffs allege that these duties arose because Wilson acted as the listing agent. They further allege that Wilson's actions were fraudulent and that she "did act in a willful and wanton manner by negligently failing to warn plaintiffs of the ... forged documents."

The motion for judgment refers to a breach of duty by Wilson because she was the listing agent, fraudulent actions by her, willful and wanton actions by her, and a negligent failure to warn by her. They are not logically connected in the motion for judgment. I am of the opinion that the motion for judgment fails to inform the defendants clearly of the exact theory or theories of liability which the plaintiffs are claiming. There is no duty upon a listing agent to "supervise and conduct" a sale of real estate. Certain aspects of a sale of real estate can only be performed by an attorney. If the listing agent supervises the sale, then he or she would be supervising the acts of an attorney. This would be not only unethical but also unlawful. There is no duty on a real estate agent to review all documents pertinent to a real estate sale. The only basis for imposing such a duty would be a corresponding

duty to advise as a result of the inspection. Clearly, a real estate agent could not give advice on the legal effect of a document. Documents not prepared for or not in any way involving the agent's principal need not be reviewed by a real estate agent. However, I do feel that a real estate agent may under certain circumstances because of his or her knowledge or participation in the preparation of a document have a duty to review it. But there is no blanket duty to review *all* documents as alleged in the motion for judgment.

The plaintiffs have placed considerable emphasis on the duties of a real estate broker or agent under the "Code of Ethics" and "Standard of Practice of the National Association of Realtors," as well as under the rules and regulations of the Virginia Real Estate Board. The Virginia Supreme Court has ruled in at least two cases that the violation of rules regulating professional conduct do not crate a private cause of action. *See, Ayyildiz v. Kidd*, 220 Va. 1080 (1980) (concerning the attorney's Code of Professional Responsibility); *Allen v. Lindstrom*, 237 Va. 489 (1989) (rules and regulations of Virginia Real Estate Board).

If the plaintiffs are attempting to allege that Wilson perpetrated a fraud, then the allegations fall short of alleging facts to support a cause of action for actual or constructive fraud. For elements of actual fraud, *see Winn v. Aleda Const. Co.*, 227 Va. 304, 308 (1984), and *Spence v. Griffin*, 236 Va. 21, 28 (1988) (concealment of a material fact can under certain circumstances constitute fraud), and of constructive fraud, *see Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 629 (1985).

Willful and wanton conduct is separate and distinct under Virginia law from negligent conduct. *See Infant C. v. Boy Scouts of America*, 239 Va. 572 (1990). The motion for judgment does not clearly inform the defendants whether alleged acts were willful and wanton or merely negligent. No sufficient facts are alleged to support these conclusions of law.

The plaintiffs are granted leave to file an amended motion for judgment stating their theory or theories of liability and alleging sufficient facts to support each theory.