## CIRCUIT COURT OF THE CITY OF RICHMOND

David Eric Covington,
t/a Quest Publishers

v.

William H. Haboush

July 24, 1992

Case No. LT-3823-1

By Judge Melvin R. Hughes, Jr.

This case is before the Court on defendant's Demurrer, Special Plea of Collateral Estoppel, and Motion for Summary Judgment.

This proceeding is an outgrowth of earlier litigation between the plaintiff, David Eric Covington, and Norma Ingaborg Osborne. In the earlier case, *Norma Osborne v. David E. Covington*, Chancery Case No. 89N08290, Ended Case No. 91H841, which was pending in this Court, the parties were involved in a partnership dissolution-accounting dispute. The case ended by the entry of a Consent Order dated July 5, 1991. For purposes of the Demurrer, Plea and Motion, the facts pleaded in the Motion for Judgment are taken as given. Also, the Court recognizes certain incidents in the prior proceedings.

In the partnership accounting case, Osborne was represented originally by Bryan Stevens, Esq., and Covington represented himself, *pro se*. During the pendency of that case, there came a time that Covington and Stevens arrived at an agreement that would settle the parties' differences. Covington alleges that despite a written settlement agreement which he signed and despite his performance of all of his obligations under the agreement, defendant William H. Ha-

boush, an attorney who by some time after the agreement had come to represent Osborne in place of Stevens, caused Osborne to "press the litigation, requiring almost two years of expensive and time-consuming litigation to be defended by Covington," only to "abide by the terms of the Settlement Agreement which Covington had completed with Stevens sixteen months previously." There is a copy of a Settlement Agreement attached to the Motion for Judgment which bears Covington's signature but not Osborne's.[1]

Based on these allegations, Covington further alleges in Count I under the heading "Breach of Va. Statute § 8.01–271.1" that Haboush "seriously violated and ignored, to the financial and emotional detriment of the plaintiff . . . § 8.01–271.1," that Haboush's "disregard of this statute was wanton, willful and breached in total disregard for the rights of the plaintiff," and "by reason of these actions, plaintiff has been greatly injured in his business . . . caused much anxiety and mental anguish" and caused to expend large sums of money to defend frivolous litigation.

In Count II under the heading "Malicious Abuse of Process," Covington alleges that Haboush for an ulterior motive "egregiously and willfully during a continuous sixteen-month period repeatedly misused the legal process" by "continuing litigation that had previously been settled" improperly with malice, causing emotional and financial hardship.

Lastly, in Count III, under the heading "Negligence," Covington alleges "defendant Haboush, as an attorney, had a duty to thoroughly investigate the validity of any cause of action undertaken" and that Haboush "patently breached the duty expected of him as a legal professional" by violating § 8.01–271.1 constituting "the tort of negligence *per se*" resulting in emotional and monetary damages.

### Breach of Va. Statute § 8.01–271.1

In Count I, Covington is renewing a motion for sanctions under § 8.01–271.1 filed in the earlier case and brought on for hearing twenty-one days after the entry of the Consent Order. At a hearing on that motion, this Court declined to hear the motion because of Rule

[1] It is not clear from the Motion for Judgment whether Osborne ever executed the written settlement agreement during the alleged sixteen months, although Covington alleges that Haboush refused to submit an agreed dismissal order to the Court for entry.

1:1. The Rule states that upon the expiration of twenty-one days, all final judgments are no longer under the control of the Court. Accordingly, the Court took no action on the motion and did not adjudicate its merits. Now, as a claim in the present Motion for Judgment, Covington seeks sanctions as a basis for relief separately and subsequent to the proceedings out of which sanction relief is sought and beyond the time during which the Court could exercise jurisdiction in the previous case. The Court must decline the present request as well.

The question that inheres in this claim is whether § 8.01–271.1 can constitute a cognizable claim by itself, alone and apart from proceedings out of which such a sanction request grows. Our § 8.01–271.1 and Rule 11 of the Federal Rules of Civil Procedure are similar in the respects material here. *See, Oxenham v. Johnson*, 241 Va. 281, 286 (1991). Since there is no Virginia authority on the point, it is useful to examine Rule 11 cases in the federal courts to see if there is any authority recognizing such claims as independent ones.

In *Wielgos v. Commonwealth Edison Co.*, 688 F. Supp. 331 (N.D. Ill. 1988), the defendant filed a counterclaim based on Rule 11. The Court dismissed the counterclaim stating at page 344:

> Edison also moves for summary judgment on its counterclaim against Wielgos seeking sanctions under Rule 11 and Section 1927. Edison says Wielgos' fraud allegations in the Second Amended Complaint (1) were not based on a reasonable belief, formed after reasonable investigation, that they were well grounded in fact or law and (2) were intended to extend this case vexatiously and unreasonably. Edison bases those claims primarily on Wielgos' counsel's asserted failure to review materials Edison had made available before he brought the fraud allegations.
>
> Edison cannot surmount a threshold hurdle: Its contentions are inappropriate for a counterclaim. Instead they should be brought as motions for sanctions in the underlying action. Edison offers no support for the notion that either Rule 11 or Section 1927 creates an independent cause of action on behalf of the purported victim of the Rule or statute-violative conduct.

Further in *Cohen v. Lupo, et al.*, 927 F.2d 363 (9th Cir. 1991), the Court found that under federal law, Rule 11, as a court rule, is not a

separately actionable substantive right. The Court ruled that: "[r]ule 11 sanctions must be sought by motion in a pending case; there can be no independent cause of action instituted for Rule 11 sanctions (citation omitted)." *Id.* at p. 365. While the Supreme Court of the United States has not dealt with the precise issue of a Rule 11 violation constituting a separate action, it has held that a *federal* court may decide sanctions after an action is no longer pending when the action is dismissed under Rule 4(a)(1)(i) of the Federal Rules of Civil Procedure governing voluntary dismissal. In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 L. Ed. 2d 359 (1990), the Court addressed the question of whether the plaintiff's voluntary dismissal under Rule 4(a)(1)(i) deprived the District Court of jurisdiction to award sanctions pursuant to defendant's filing a motion for sanctions along with a motion to dismiss in response to the filing of plaintiff's complaint. The Court ruled that the mere filing of a notice of dismissal under Rule 4(a)(1)(i) did not deprive the Court of jurisdiction to rule on the sanctions request. Here, we have a request for sanctions filed separately relating to the original case but not a part of it. As such, this proceeding has to confirm with the finality of judgment rules and be consistent with the essentially procedural character of a sanctions motion under the Virginia state court rules. Thus, the motion is not timely and cannot be brought on later in another lawsuit as a cause of action.

Lastly, while our "Rule 11" is codified in § 8.01–271.1 as a statute and not a rule of court, still it is a procedural rule. It is not a substantive right and cannot form the basis for a cause of action. Sanctions under § 8.01–271.1 have to be sought by motion in a pending action.

### Malicious Abuse of Process

The Supreme Court of Virginia has had occasion several times to deal with cases where claims are brought against an attorney arising out of prior litigation where the attorney served as opposing counsel. The lead case in this area is *Ayyildiz v. Kidd*, 220 Va. 1080 (1980). In *Kidd* the Court decided that malicious prosecution claims can be based on civil as opposed to criminal proceedings. While Covington alleges malicious abuse of process, it is useful to examine *Kidd* because like *Kidd*, here there is a suit brought against opposing counsel and because there are same and similar claims in both cases. In *Kidd*,

the Court adopted the rule that in such cases, in addition to the other elements of a malicious prosecution claim, a plaintiff must plead and prove arrest of his person, seizure of his property, or special injury. In *Kidd*, a physician brought a malicious prosecution and negligence action against a lawyer who had represented a plaintiff in a prior medical malpractice action that was allegedly frivolous. The physician claimed the lawyer's conduct fell below standards and that as a result, he suffered damages. The Court first recognized that a cause of action for malicious prosecution based on civil proceedings, as opposed to a criminal one, would lie for malicious *institution* of a groundless civil proceeding.

And after discussing various policy considerations governing rules for bringing malicious prosecution actions based on civil proceedings, the Court concluded on page 1080:

> Accordingly, we apply the English rule and hold that in malicious prosecutions stemming from civil proceedings the plaintiff must allege and prove arrest of his person, seizure of his property, or special injury incurred.

The Court found that the plaintiff did not prove a case of malicious prosecution and reversed the judgment in his favor.

Here, there is no allegation that there was the malicious institution of groundless civil proceedings. Covington alleges that once Haboush took over representation, he "reinstituted the litigation previously outside the purview of the process and collateral to it." Covington also alleges there was an ulterior motive to extract a copyright from him and to "blackmail" him to "pay collateral money demands."

Malicious abuse of process is a kindred but different cause of action from malicious prosecution. The former deals with the improper use of process after it has issued while the latter deals with maliciously allowing process to issue. In malicious abuse of process, a plaintiff must plead and prove: (1) the existence of an ulterior purpose; and (2) an act in the use of process not proper in the regular prosecution of the proceedings. *Glidewell v. Murray-Lacy*, 124 Va. 563, 570 (1919). "It is safe to say that no action for abuse of process can be maintained without proof that the process was used under circumstances amounting to actual or implied malice." *Id.* at page 571. But, other than alleging a general course of conduct needlessly extending the time the case pended, as well as other acts, Covington

does not allege that Haboush used any process which was not proper in the regular prosecution of the proceedings. Without this, Covington's allegation of malicious abuse of process is legally deficient. *See, Ely v. Whitlock*, 238 Va. 670 (1989) (taking deposition to support an ethics complaint in a divorce case). Therefore, the Court must sustain the Demurrer as to Count II but with leave to amend. If plaintiff chooses to reassert this claim, it would remain to be seen whether Covington can prove that Haboush had an ulterior motive as alleged and that his acts were a perversion of the process involving acts in the use of the process not proper in the regular prosecution of the proceeding. *Donahoe Construction Co. v. Mount Vernon Assoc.*, 235 Va. 531, 541 (1988).

### Negligence

*Kidd* also dealt with negligence claims in a suit against a lawyer who represented an opposing party in previous litigation. The *Kidd* court denied any right of recovery on this basis as well. In a later case, *Allen v. Linstrom*, 237 Va. 489 (1989), the Court applied the *Kidd* rule in a case where purchasers under a real estate contract brought an action against a real estate brokerage firm and a licensed real estate agent working for it seeking to recover damages for alleged wrongful conduct in failing to pass on an offer to the sellers to buy real property. Citing *Kidd*, the Court applied the rule announced there and made it applicable to the suit brought by the buyers against the sellers' real estate agent. In explaining *Kidd*, the Court said:

> Addressing the allegation of injury caused by the negligence of the attorney, we pointed out that the attorney-client relationship was between the patient and the defendant attorney, and not between the plaintiff and the defendant. We said that an attorney's liability generally is to his client if the attorney has been guilty of some dereliction of duty to the client. We noted that the attorney's primary and paramount duty is to the client. While lawyers owe a general duty to the judicial system, it is not the type of duty that translates into liability to an adversary for negligence when there is no foreseeable reliance by the adversary on the attorney's actions. *Id.* at 1085, 266 S.E.2d at 112.
>
> In addition, we stated that the rules of conduct promulgated in the Code of Professional Responsibility furnished

no basis for a private cause of action. We observed, however, that disciplinary proceedings could be filed before the appropriate body against the offending lawyer. *Id.* at 1085–86, 266 S.E.2d at 112.

We apply precisely the same reasoning to the present case.

The reasoning applies with equal force to the case at bar on the issue of negligence. There is no duty on this defendant for the sake of an opposing party, where there could be no reasonable reliance by that party on the attorney's conduct. *Kidd, supra,* p. 1085. For reasons discussed above, violation of § 8.01–271.1 cannot create a right of action in negligence or be the basis for negligence *per se.*

For the foregoing reasons, defendant's motions are all sustained. All causes of action asserted except malicious abuse of process are dismissed with prejudice, without leave to amend. Plaintiff is granted leave to amend Count II within twenty days of July 24, 1992, and defendant is allowed ten days after his receipt of an amended Motion for Judgment to file responsive pleadings.