## CIRCUIT COURT OF LOUDOUN COUNTY

Robert Remuzzi

v.

J. Thomas Giunta

September 27, 1993

Case No. (Law) 14592

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Demurrer of J. Thomas Giunta to the Motion for Judgment filed by Robert Remuzzi, M.D. The Court heard argument of counsel on September 3, 1993. For the reasons that follow, the Demurrer is sustained but only to the limited extent stated below.

Because this case is before the Court on a demurrer, the allegations of the Motion for Judgment must be taken as true. The facts as stated herein are, therefore, derived from the Motion for Judgment.

Remuzzi is a Board certified orthopaedic surgeon licensed in Virginia and practicing in Loudoun County. Giunta is an attorney with an address in Upper Marlboro, Maryland, and not licensed to practice law in Virginia.

On or about May 2, 1991, Giunta caused to be mailed to Remuzzi what purported to be a notice of a malpractice claim on behalf of Daniel E. Mobley against Remuzzi. A copy of the "Notice of Claim" is attached as an exhibit to the Motion for Judgment. A copy of the last page of the "Notice of Claim" is attached hereto showing it to have been submitted by "Henry Fiedler" "BY: J. Thomas Giunta" and containing what appears to be "Henry Fiedler" handwritten in two places and the initials "JTG" in four places.

As a result of the claim Remuzzi retained counsel to defend against the claim, incurred attorney fees, lost time from his practice and suffered other damages.

Remuzzi asserts that Giunta was not licensed to practice in Virginia on May 2, 1991; and, therefore, had no right to sign and mail to Remuzzi a legal document that put Remuzzi's rights at risk. Remuzzi further asserts that Giunta misrepresented his status as a Virginia attorney by failing to include his Maryland address.

Henry Fiedler was licensed to practice law in Virginia on May 2, 1991, but he did not maintain an office at the address listed on the "Notice of Claim" or elsewhere in Virginia. Fiedler never responded to written or telephonic communications from counsel for Remuzzi, and Fiedler never met with, spoke to or knew anything about Mobley or the issue addressed in the "Notice of Claim", and he never reviewed Mobley's records. Remuzzi, therefore, asserts that Giunta misrepresented Fiedler's involvement in the prosecution of Mobley's case.

Remuzzi asserts that Giunta misrepresented the identity and status of Mobley's attorney so as to coerce from Remuzzi and/or his insurance carrier a payment of money in response to the allegations of medical malpractice and the threat of future litigation.

Remuzzi alleges that Giunta had no good faith basis for bringing the claim, and that his conduct was wanton, reckless, and in total disregard of Remuzzi's rights.

Remuzzi and his counsel had no reason to know until August 8, 1991, that Giunta was not licensed to practice law in Virginia. He asserts that the "Notice of Claim" is invalid under Rule 1A:4.

Soon after the validity of the notice was challenged, the claim was withdrawn.

Remuzzi relied to his detriment on the "Notice of Claim" in that he retained counsel and expended money on attorney fees and other costs. He seeks compensatory and punitive damages.

Giunta has filed a demurrer asserting that there is no requirement under the Virginia medical malpractice law for an attorney to sign a notice of claim and that Rule 1A:4 concerning foreign attorneys has no application to a notice of a medical malpractice claim.

At argument Mr. Nagle said that the gist of Remuzzi's claims are misrepresentation and a violation of Section 8.01–271.1. Although the Demurrer does not directly relate to these theories, it is close enough for the Court to consider the grounds as stated in the Demurrer as they are applicable to these two claims.

Section 8.01–271.1 has no application to this case for two reasons. First, Section 8.01–271.1 clearly applies only to civil actions in a

court. It is found in Chapter 7 of Title 8.01 concerning "Civil Actions; Commencement, Pleadings and Motions." The statute only applies to a court proceeding. There is nothing in the statute to indicate that it applies to medical malpractice proceedings under Section 8.01–581.1 *et seq.* and the Medical Malpractice Rules of Practice. There is nothing in medical malpractice statutes or rules that indicate that Section 8.01–271.1 applies to medical malpractice proceedings thereunder.

Secondly, I am of the opinion that even if Section 8.01–271.1 were applicable, it does not create a private cause of action in favor of one allegedly damaged by a violation of the statute. Section 8.01–271.1 establishes standards of conduct for attorneys and litigants with pre-scribed sanctions for violations. Section 8.01–271.1 is similar to the Code of Professional Responsibility or the administrative rules governing conduct of real estate agents and brokers which have been held not to create a private cause of action in *Ayyildiz* v. *Kidd*, 220 Va. 1080 (1980), and *Allen* v. *Lindstrom*, 237 Va. 489 (1989), respectively.

As to the other claim, Remuzzi asserts that he was damaged because Giunta concealed his being a Maryland and not a Virginia lawyer, concealed his Maryland address and misrepresented Fiedler's involvement in Mobley's claim. Sufficient facts are alleged to show such concealments and misrepresentations.

The Demurrer focuses on the very narrow issues of the legal requirements of a medical malpractice claim and whether Rule 1A:4 applies to the "Notice of Claim." I am of the opinion that neither the medical malpractice statutes or rules nor Section 8.01–271.1 requires that an attorney sign a medical malpractice claim or that, if it is signed by an attorney, then it must be signed by an attorney licensed in Virginia. Also a notice of a medical malpractice claim is not a "pleading or other paper required to be served" required under Rule 1A:4 to be signed by a member of the Virginia State Bar.

I agree with the argument and assertions stated in the Demurrer, but I do not feel that they require that the Demurrer be sustained in its entirety. Giunta may not have violated Rule 1A:4 and, accordingly, the "Notice of Claim" may not be invalid for that reason, but facts are alleged to support misrepresentations by Giunta, e.g. his not being licensed in Virginia and Fiedler's involvement in the claim. There is no requirement that the notice of claim must be signed only by the claimant, and there is no prohibition on its being signed by an attorney. The lack of a requirement that the claim be signed by an attorney or that a

notice of a malpractice claim is not covered by Rule 1A:4 does not insulate or absolve Giunta from the alleged misrepresentations.

There being no other ground asserted in the Demurrer, the Demurrer is sustained but only to the extent that Remuzzi cannot assert a private cause of action against Giunta for a violation of Section 8.01–271.1, that there is no requirement that an attorney sign a medical malpractice claim and that Rule 1A:4 does not apply to such a claim.