14 F.3d 594
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert J. EIN, Plaintiff-Appellant,
v.
Charlotte D. BARRY, Ann M. Lewis, Defendants-Appellees.
 No. 93-1311.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 7, 1993.
Decided Jan. 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-92-1213)
 John M. DiJoseph, Sattler & DiJoseph, Arlington, VA, for appellant.
 Louise Marie DiMatteko, Siciliano, Ellis, Dyer & Baccarosse, Fairfax, VA, for appellee Barry.
 David Drake Hudgins, Hudgins, Carter & Coleman, Alexandria, VA, for appellee Lewis.
 Robert Ellis, Sickiliano, Ellis, Dyer & Baccarosse, Fairfax, VA, for appellee Barry.
 Paul T. Emerick, Hudgins, Carter & Coleman, Alexandria, VA, for appellee Lewis.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, HALL, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Ein appeals the district court's order granting summary judgment to the defendants in Ein's malicious prosecution suit. We affirm.
 
 
 2
 * Noel Ein was born in January 1983 to Robert and Elizabeth Ein. Elizabeth was diagnosed with cancer in 1986. In July 1989, she and Noel moved from the family home in Virginia to live with Elizabeth's sister, Charlotte Barry, in Florida. Robert filed for divorce in Virginia, and a final order of divorce based on a consent agreement was entered on August 16, 1990. The order provided that Barry would become Noel's legal guardian and sole custodian upon Elizabeth's death. Elizabeth died in May, 1991.
 
 
 3
 In July 1990, Elizabeth took Noel to Ann Lewis, a clinical psychotherapist in Florida, for counseling. The reasons given for seeking help were the separation and then-pending divorce of Noel's parents, as well as behavioral problems then being displayed by Noel, such as public masturbation and sleep disorders. After several sessions, Lewis suspected sexual abuse and reported her suspicion (as required by Florida law) to the Florida state authorities. Because the suspected abuse occurred in Virginia, the report was referred to the Virginia authorities. Arlington, Virginia, Detective Michael Kyle investigated the case. He asked Lewis to make video tapes of Noel describing the alleged abuse because the county would not expend funds for him to go to Florida himself. On the basis of information furnished by Detective Kyle, a warrant for Robert Ein's arrest on a felony charge of aggravated sexual battery was issued on March 5, 1991.
 
 
 4
 On April 4, 1991, the day of his preliminary hearing before the Juvenile and Domestic Relations Court, Ein was informed that his adult daughter from a previous marriage had contacted the prosecutor and had offered to testify that she had been abused as a child by her father. After meeting with his lawyer for two hours, Ein accepted a plea agreement and entered an Alford plea to sexual battery, a misdemeanor. He was sentenced to a year in jail with six months suspended. His sentence also required that he seek therapy and that he have no contact with Noel until further order of the court.
 
 
 5
 Ein appealed to the Circuit Court, where he was entitled to a trial de novo. The Commonwealth, however, elected to pursue the felony with which Ein had been initially charged, and the grand jury, on the strength of Detective Kyle's testimony alone, indicted Ein for aggravated sexual battery of a child. Ein was acquitted.
 
 II
 
 6
 In July 1992, Ein filed a malicious prosecution action in Virginia state court against Barry and Lewis.[1] The defendants, both Florida residents, removed the case to federal court on diversity grounds. The essence of Ein's claim against Barry is that she and Elizabeth agreed in 1989 to "destroy [Robert's] business, character, reputation, and relationship with Noel by charging Ein with sexually abusing Noel" and that, as part of the plan, they took Noel to several therapists until they found one who diagnosed suspected sexual abuse. The gravamen of the claim against Lewis was that she used "suggestive questioning techniques, anatomically correct dolls, and other techniques not recognized by mental health professionals who specialize in the sexual abuse of children." The eventual prosecution was, according to Ein, the result of Barry's plan and Lewis's incompetence.
 
 
 7
 Barry and Lewis moved for summary judgment. In opposition, Ein proffered the expert opinion of Dr. Coleman that Lewis manipulated Noel. Ein also submitted the affidavit of one of the live-in nannies who cared for Noel prior to her parents' separation. The nanny stated that she overheard Barry and Elizabeth saying they were going to "get" Ein. The district court found that Ein's guilty plea and conviction in the Juvenile and Domestic Relations Court, despite the subsequent appeal and ultimate acquittal, was "conclusive proof that probable cause existed." The court also noted that the indictment by the grand jury "conclusively suggests the existence of probable cause." The other claims fell like a house of cards. Ein appeals.
 
 III
 
 8
 In Virginia, the four elements of malicious prosecution are (1) the plaintiff was the subject of criminal proceedings instituted by or with the cooperation of the defendant; (2) the criminal proceedings ended in a manner not unfavorable to the plaintiff; (3) the defendant instigated the criminal proceedings maliciously; and (4) the defendant instigated the criminal proceedings without probable cause. Ayyildiz v. Kidd, 266 S.E.2d 108, 110 (Va.1980). Malicious prosecution actions are not favored in Virginia because its public policy is to encourage the bringing of criminal actions in appropriate cases without fear of reprisals. Id. at 110-11. Probable cause is a complete defense. Id. We hold that probable cause was conclusively established in the case before us.
 
 
 9
 In Orndorff v. Bond, 39 S.E.2d 352 (Va.1946), Bond requested that Orndorff be charged with obtaining money under false pretenses. The charge had no substance whatsoever; instead, it involved a mixup by the insurance company on a settlement check, and Bond was well aware of the mix-up. Nevertheless, an arrest warrant was issued on the basis of incomplete information furnished by Bond. When Orndorff's misdemeanor case was called for trial, the case was dismissed after Orndorff agreed to a "compromise agreement" by which Orndorff would sign over the check in question to Bond's lawyer, who in turn said he would straighten things out with the insurance company. Orndorff filed a malicious prosecution action against Bond. The trial court directed a verdict for defendant Bond, and the Virginia Supreme Court of Appeals affirmed on the grounds that probable cause was established by the settlement of the criminal case by Orndorff.
 
 
 10
 Ein argues that his conviction in the Juvenile and Domestic Relations Court was "nullified" by his appeal to the Circuit Court and, therefore, evidence of the conviction, with its attendant plea agreement and guilty plea, cannot be used in any way, including to establish probable cause in the instant case. Gaskill v. Commonwealth, 144 S.E.2d 293, 296 (Va.1965), a case heavily relied upon by Ein, does say that "the appeal annuls the judgment of the lower court as completely as if there had been no previous trial.... It is reversible error to allow the introduction of evidence of the lower court's judgment in the circuit court." Ein overstates the significance of Gaskill. Gaskill simply stands for the proposition that a lower court conviction, whether by plea or otherwise, cannot be introduced in a criminal trial de novo on the same charge.
 
 
 11
 In Cramer v. Crutchfield, 648 F.2d 943 (4th Cir.1981) (per curiam), a county magistrate in Virginia found probable cause to charge Cramer on the basis of information furnished by Crutchfield, who was later to become the defendant in a malicious prosecution action. Cramer was initially convicted in a "General District Court," but he appealed to the Circuit Court, at which point the case was dismissed by the prosecutor. Nevertheless, in an appeal by Cramer from the dismissal of his malicious prosecution suit, we held that,
 
 
 12
 as evidenced by the magistrate's finding of probable cause and the state district court's conviction of Cramer, probable cause existed as a matter of law for the criminal proceedings against him. Under Virginia law, a conviction for the offense charged, even though subsequently reversed, dismissed, or vacated, is conclusive evidence of probable cause. Ricketts v. J. G. McCrory Co., 138 Va. 548, 121 S.E.2d 916 (1924).[2] Cramer, 648 F.2d at 945-46.
 
 
 13
 Our holding in Cramer is dispositive on the issue of probable cause. The General District Court is similar to the Juvenile and Domestic Relations Court; the right to a de novo trial on appeal from each is prescribed in the same section of the code, see Va.Code Sec. 16.1-132,[3] and both are courts not-of-record. Therefore, the appeal in Cramer was essentially the same as that in Ein's criminal case, and both should be given the same force and effect in the context of a malicious prosecution claim.
 
 
 14
 AFFIRMEDE.
 
 
 
 [1]
 The complaint included other claims, such as conspiracy and infliction of emotional distress. On appeal, Ein concedes that the viability of these claims hinges on the survival of his malicious prosecution claim
 
 
 [2]
 Cramer was cited prominently by both defendants in their memoranda in support of their motions for summary judgment and in their brief to this court. Ein, however, does not mention the case in either his opposition to the motions below or in his briefs submitted in this appeal
 
 
 [3]
 Va.Code Sec. 16.1-69.5(d) defines "districts courts" to include "general district courts and juvenile and domestic relations district courts."