## CIRCUIT COURT OF FRANKLIN COUNTY

Marvin R. Sparks,
Alma Sue Sparks,
and Jesse A. Webster

v.

Herbert M. Kendall
and Rachel E. Kendall

May 8, 2007

Case No. (Civil) 06-276

BY JUDGE JOSEPH W. MILAM, JR.

This matter comes before the Court on the demurrer of the defendants to the plaintiffs' claim of slander of title, which is set forth in Count II of their complaint. In the complaint, the plaintiffs allege that the defendants maliciously published a plat of an inaccurate survey and that its publication caused the plaintiffs to suffer special damages. The defendants contend that the allegation of malice is conclusory and that the allegation of expenses incurred in removing the effects of the slander does not constitute a pleading of special damages, which is an essential element of the cause of action. The Court has sustained the demurrer with respect to the allegation of malice. In addressing the second issue raised by the demurrer, whether the complaint contains an allegation that would, if true, support a finding that the plaintiffs suffered special damages, the Court "consider[s] as true all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the facts alleged." *Luckett v. Jennings*, 246 Va. 303, 307, 435 S.E.2d 400, 402 (1993).

Slander of title is a form of the tort of injurious falsehood, which subjects a person to liability for publishing with malice or with reckless disregard a statement disparaging of another's property interest. *See generally*

Restatement (Second) of Torts § 623A (1977). It appears that the state Supreme Court has yet to fully address the elements of slander of title, although the tort is recognized by the law of Virginia. *See Donohoe Constr. Co. v. Mount Vernon Assocs.*, 235 Va. 531, 369 S.E.2d 857 (1988); *Wright v. Castles*, 232 Va. 218, 349 S.E.2d 125 (1986). The elements of a claim of slander of title were articulated in *Levine v. McLeskey*, 881 F. Supp. 1030 (E.D. Va. 1995), an Eastern District opinion cited by the plaintiffs and the defendants, which applied Virginia law. The elements, according to that Court, that a plaintiff must prove to succeed on a claim of slander of title are: "(1) that the defendant maliciously published false words, (2) that the false words disparaged plaintiff's property, and (3) that the publication caused plaintiff to suffer special damages." *Id.* at 1050 (citations omitted).

The parties agree that to succeed on an action for slander of title, the plaintiffs must prove that they suffered special damages in the form of a pecuniary loss resulting from the disparaging words or material. Restatement, *supra*, § 623A. This "special damage rule requires the plaintiff[s] to establish pecuniary loss that has been realized or liquidated." W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 128, at 971 and n. 3 (5th ed. 1984) ("The chief characteristic of special damages is a realized loss.").

Here, the complaint contains no allegation that a particular sale involving the property was frustrated by the slander or that, because of the slander, the property was sold at a reduced price or at greater expense. *See* Keeton et al., *supra*, § 128. Instead, the alleged realized pecuniary loss consists solely of "the expense of measures, including the expense of this litigation, taken to counteract the publication of the . . . Survey and to remove the cloud on title." (Compl. ¶ 13.) The plaintiffs, relying on a "general principle" articulated by the Maryland Court of Appeals, contend that pecuniary loss in the context of an action for slander of title "includes that from the impairment of vendibility or value by the disparagement and the expense of measures reasonably necessary to counteract the publication." *Rite Aid Corp. v. Lake Shore Investors*, 298 Md. 611, 625, 471 A.2d 735, 742 (1984). If this "general principle" is accepted, expenses incurred in clearing title, including the costs of litigation, may in this context constitute special damages, despite the absence of a pecuniary loss sustained as a result of an impairment of vendibility or value. *See Colquhoun v. Webber*, 684 A.2d 405 (Me. 1996).

The majority of states that have decided this issue conclude as did the Maryland Court of Appeals that, consistent with the Restatement, *supra*, § 633, expenses incurred in clearing title do constitute special damages in a slander of title action. *See* James O. Pearson, Jr., Annotation, *What Constitutes*

*Special Damages in Action for Slander of Title*, 4 A.L.R. 4th 532 (1981 & Supp. 2006). This conclusion is shared by Professors Prosser and Keeton, who write in their treatise that "[i]t would . . . appear obvious that special damages include the expenses of legal proceedings necessary to remove a cloud on the plaintiff's title caused by the falsehood, and other expenses . . . reasonably incurred to counteract the disparagement." Keeton et al., *supra*, § 128. The difficulty with the majority position, although sound and, perhaps, preferable, is that Virginia's Supreme Court has not construed the ordinary expenses of litigation as special damages in similar actions where one party's tortious conduct necessitated litigation by the other party.

In *Levine v. McLeskey*, an analogy is drawn between an action for slander of title and an action for malicious prosecution that arises, presumably, from the pursuit of a civil matter. 881 F. Supp. 1030, 1051 (E.D. Va. 1995). This analogy is apt because, in each cause of action, the defendant's conduct is calculated to require the plaintiff to resort to litigation. *See Rorvig v. Douglas*, 123 Wash. 2d 854, 873 P.2d 492 (1994). In *Ayyildiz v. Kidd*, the Virginia Supreme Court decided that the expense of litigation required to defend a frivolous action did not constitute special injury, an element of a malicious prosecution claim. 220 Va. 1080, 266 S.E.2d 108 (1980). Special injury, the Court held, "excludes the kind of secondary consequences that are a common and often unavoidable burden on defendants." 220 Va. at 1084, 266 S.E.2d at 111-12 (citation omitted). Instead, the plaintiffs' claim "must be attended, besides ordinary expenses, with other special grievance or damage, not necessarily incident to a defense, but superadded to it by the malice and contrivance of the [defendant]." *Id.* (quoting *Potts v. Imlay*, 4 N.J.L. 382, 385 (N.J. 1816)).

The plaintiffs' complaint contains no allegation of a realized pecuniary loss or injury that is not a common and unavoidable consequence of the defendants' slander. The Court is therefore compelled by existing Virginia precedent to sustain the demurrer, allowing the plaintiffs leave to amend their complaint if the plaintiffs deem an amendment proper.